OPINION
{¶ 1} Defendant, Robert Amos, entered pleas of guilty to aggravated robbery and felonious assault, with accompanying firearm specifications. The parties jointly recommended an aggregate nine year sentence. The trial court accepted Defendant's guilty pleas, found him guilty, and imposed a nine *Page 2 
year sentence. The case is now before us on an order granting Defendant's motion for leave to file a delayed appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 2} "THE TRIAL COURT ERRED BY IMPOSING AN ILLEGAL AND UNCONSTITUTIONAL SENTENCE."
 {¶ 3} R.C. 2929.14 authorizes the basic prison terms that may be imposed for felony offenses. Division (A) (1)-(5) of that section sets out the ranges of determinate terms available for each level of felony. Division (B) of R.C. 2929.14 provides that, except in circumstances that do not apply here, a court that imposes a prison sentence "shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless" one or more of the facts in division (B)(1) or (2) are found by the court to apply.
 {¶ 4} R.C. 2929.14(B) creates a rebuttable presumption in favor of minimum sentences that may be rebutted by the findings in Division (B)(1) and (2). In State v. Foster, 109 Ohio St.3d 12, 2006-Ohio-856, the Supreme Court held that the findings, which are made by the court, violate the Sixth Amendment right to trial by jury as explained inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. To remedy that defect, Foster severed division (B) from *Page 3 
R.C. 2929.14 entirely, the presumption in favor of minimum sentences as well as the findings on which the presumption may be rebutted. Thereafter, per Foster, sentencing courts are free to impose any sentence within the ranges in R.C. 2929.14(A) that applies to the offense involved. Foster, at ¶ 99.
 {¶ 5} The criminal conduct from which Defendant's convictions arose took place before Foster was decided. Defendant was sentenced afterFoster was decided, and the court therefore made none of the findings that R.C. 2929.14(B) would require. The sentences the court imposed are greater than the minimum sentences applicable to the offenses of which Defendant was convicted, but are within the available statutory ranges for those offense. Because Defendant's offenses took place prior toFoster, he argues that the severance remedy that Foster ordered subjected him to a sentencing scheme that violates the Due Process Clause of the Fourteenth Amendment and the Ex Post Facto Clause of Article I, Section 10, of the United States Constitution.
 {¶ 6} The State argues that we are precluded by R.C. 2953.08(D)(1) from reviewing the error Defendant assigns because his sentence was jointly recommended. We have held that the prohibition is limited to the rights of appeal *Page 4 
conferred on defendants and on the state pursuant to R.C. 2953.08(A) and (B), respectively, and not to "any other right of appeal," which those sections expressly preserve. State v. Lynn, Montgomery App. No. 21484,2007-Ohio-438, ¶ 21. The error Defendant assigns does not implicate any right of appeal that R.C. 2953.08(A) expressly confers. Therefore, notwithstanding the fact that his sentence was jointly recommended, our review of the error Defendant assigns is not barred by R.C.2953.08(D)(1).
 {¶ 7} The Ex Post Facto Clause prohibits application of a law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. Rogers v. Tennessee (2001),532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed. 2d 697. The Ex Post Facto Clause does not apply to the judicial branch of government. Id. However, a judicial decision that achieves a result prohibited by the Ex Post Facto Clause violates the Due Process Clause of the Fourteenth Amendment.Bouie v. South Carolina (1964), 378 U.S. 347, 84 S.Ct. 1697,12 L.Ed.2d 894.
 {¶ 8} The Due Process Clause prohibits an unforseen enlargement of a criminal statute. Id. Defendant argues that the severance remedyFoster ordered violates that prohibition because it exposes him to a greater-than-minimum sentence *Page 5 
without the findings the court was required to make prior toFoster, when Defendant's offenses took place.
 {¶ 9} We rejected this same argument when it was made in reliance on the Ex Post Facto Clause in State v. Smith, Montgomery App. No. 21004,2006-Ohio-4405. We reasoned that because the defendant in Smith faced the same range of possible sentences in R.C. 2929.14(A) both beforeFoster was decided, when his offense was committed, as well as afterFoster was decided, when he was sentenced, the defendant was aware when he committed his offense of his resulting exposure to the greater than minimum sentence the court imposed. That holding likewise applies to the Due Process Clause prohibitions on which Defendant relies, because it compels a conclusion that Foster did not create an enlargement of a criminal statute that was unforeseen to Defendant when he committed his offenses. Bouie.
 {¶ 10} The assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 11} "MR. AMOS WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED BY THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 12} Defendant argues that he was denied the effective *Page 6 
assistance of counsel guaranteed by the Sixth Amendment because his trial counsel failed to object to the sentences the trial court imposed. Defendant contends that his trial counsel should have objected on Ex Post Facto Clause and Due Process Clause grounds.
 {¶ 13} In order to demonstrate ineffective assistance of counsel, a criminal defendant must show that he was prejudiced by his counsel's alleged deficient performance. State v. Bradley (1989),42 Ohio St.3d 136. Our decision with respect to the first assignment of error precludes that finding.
 {¶ 14} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. And GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1