OPINION
{¶ 1} Defendant, Clayton Williams, was convicted following a jury trial of failure to comply with an order or signal of a police officer, R.C. 2921.331(B), and vandalism, R.C. 2909.05(B)(2). Defendant was acquitted of felonious assault on a police officer. The trial court sentenced Defendant to *Page 2 
consecutive prison terms of five years for failure to comply with an order of a police officer and one year for vandalism, for a total sentence of six years. On direct appeal, we affirmed Defendant's convictions but reversed his sentences and remanded this matter for resentencing pursuant to the rule of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See: State v. Williams (Sept. 8, 2006), Clark App. No. 2005CA106, 2006-Ohio-4653. Pursuant to our remand the trial court resentenced Defendant and imposed the same six year sentence.
 {¶ 2} Defendant timely appealed to this court from the trial court's judgment resentencing him pursuant to Foster Defendant's appellate counsel filed an Andersbrief, Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 19 L.Ed.2d 493, stating that he could not find any meritorious issue for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. However, Defendant's appellate counsel in his Anders brief presents several possible issues for appeal that he claims Defendant asked him to present. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75,109 S.Ct. 346, 102 L.Ed.2d 300. *Page 3 
 FIRST ASSIGNMENT OF ERROR
 "INSUFFICIENCY OF THE INDICTMENT."
 {¶ 3} This claimed error raises an issue, whether the wording of the indictment is sufficient to give Defendant notice of all of the elements of the offenses with which he was charged, that clearly could have been raised in Defendant's original direct appeal. Accordingly, this issue is now barred from consideration by res judicata. State v. Perry (1967), 10 Ohio St.2d 175. This assignment of error lacks any arguable merit.
SECOND ASSIGNMENT OF ERROR
 "FAILURE TO PROVIDE NOTICE OF REMANDED RESENTENCING HEARING."
 {¶ 4} Defendant complains that neither he nor his counsel ever received notice of the resentencing hearing. Nevertheless, it is clear from the record that Defendant was present at the resentencing hearing, represented by his trial counsel, and that Defendant was afforded his right of allocution. This assignment of error lacks any arguable merit.
THIRD ASSIGNMENT OF ERROR
 "JUDGE'S ACTIONS DURING RESENTENCING."
 {¶ 5} Defendant complains that the trial court judge left the courtroom while he was exercising his right of allocution *Page 4 
and was objecting to the imposition of sentence. Defendant further alleges that, at some point, the trial court threatened him with contempt if he continued speaking.
 {¶ 6} The record before this court does not include a transcript of the resentencing hearing, and therefore Appellant has failed in his duty to provide this court with a record on appeal that exemplifies and demonstrates the claimed error. Knapp v. Edwards Laboratories (1980), 61 Oho St.2d 197. Absent a record, we cannot presume that the trial court acted improperly or that Defendant suffered prejudice as a result. Under those circumstances we must presume the regularity and validity of the trial court's proceedings, and affirm. Id; State v. Smith (Oct. 21, 2005), Montgomery App. No. 20835, 2005-Ohio-5588.
 {¶ 7} In any event, it is clear that the trial court has an affirmative duty before imposing sentence to ask the defendant if he or she wishes to make a statement on their own behalf. State v.Campbell, 90 Ohio St.3d, 2000-Ohio-183; Crim.R. 32(A)(1). The trial court did that, and Defendant was obviously afforded his right of allocution. There is no arguable merit in this assignment of error.
FOURTH ASSIGNMENT OF ERROR
 "IMPOSITION OF MAXIMUM SENTENCE." *Page 5 
 {¶ 8} Because the jury in this case found that Defendant's conduct in fleeing and eluding police caused a substantial risk of serious physical harm to persons or property, Defendant's conviction for failure to comply with an order or signal of a police officer constitutes a felony of the third degree, for which the possible penalty is one to five years in prison. R.C. 2921.331(C)(5)(a)(ii); R.C. 2929.14(A)(3).
 {¶ 9} The trial court sentenced Defendant to the maximum authorized prison term of five years. Defendant complains because the trial court in imposing the maximum sentence did not make any of the findings required by R.C. 2929.14(C). Foster held such judicial fact finding unconstitutional because it violates Defendant's Sixth Amendment rights and the rule of Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. That is why on direct appeal we reversed Defendant's sentences and remanded the matter for resentencing perFoster.
 {¶ 10} Defendant's resentencing occurred after the decision inFoster. After Foster, the trial court has full discretion to impose any prison sentence within the applicable statutory range, R.C. 2929.14, and courts are no longer required to make any findings or give their reasons before imposing greater than minimum, maximum, or consecutive sentences.Id; State v. *Page 6 Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. There is no arguable merit in this assignment of error.
FIFTH ASSIGNMENT OF ERROR
 "POST-FOSTER SENTENCING VIOLATES EX POST FACTO LAWS."
 SIXTH ASSIGNMENT OF ERROR
 "POST-FOSTER SENTENCING VIOLATES DUE PROCESS."
 {¶ 11} Defendant argues that application of the holding and mandate inFoster to cases such as his where the criminal conduct and/or original sentencing occurred before Foster violates the Due Process Clause of theFourteenth Amendment and the Ex Post Facto Clause of Article I, Section 10 of the United States Constitution. We have previously considered and rejected this same argument. State v. Amos (October 19, 2007), Montgomery App. No. 21792, 2007-Ohio-5647); State v. Smith(August 25, 2006), Montgomery App. No. 21004, 2006-Ohio-4405. These assignments of error lack any arguable merit.
 {¶ 12} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed. *Page 7 
 WOLFF, P.J. And BROGAN, J., concur. *Page 1