OPINION
{¶ 1} Darryl Bradley appeals from the trial court's decision to deny his motion to withdraw his guilty pleas prior to sentencing. Bradley was originally charged with three counts of aggravated robbery with three firearm specifications. On October 18, 2007, Bradley entered guilty pleas to the aggravated robbery charges in exchange for the *Page 2 
State recommending that the firearm specifications be dismissed.
 {¶ 2} On November 9, 2007, Bradley moved to withdraw his previous guilty pleas. In the motion counsel stated that subsequent to plea negotiations, the alleged victim revealed that she and Bradley were "embroiled in an unfriendly money dispute at the time she leveled her allegation against him." Counsel stated Bradley had failed to disclose this fact to him and he therefore was unable to adequately advise Bradley about viable defenses available to him. On November 16, 2007, Bradley filed another similar motion with new counsel, arguing his motion to withdraw should be granted because there was "much confusion over just what the potential sentence would be."
 {¶ 3} Bradley testified at the motion hearing that his appointed counsel, Barry Galen, informed him after conferring with the trial judge that if he pleaded guilty there was "a pretty good chance that I would get probation." (T. 16.) Bradley testified that based on Galen's representation, he agreed to plead guilty. (T. 17.) Bradley admitted that he heard the trial judge tell him during the course of the plea that it was unlikely the court was going to grant him community control sanctions. Bradley stated he was confused by the trial judge's remarks but did not say anything to the judge. (T. 19.) Bradley testified he had one prior felony conviction and received probation in that matter. (T. 22.)
 {¶ 4} Barry Galen testified he represented Bradley and attempted to obtain a plea reduction where Bradley would serve only two or three years, which was suitable to Bradley. (T. 45.) Galen testified the State was unwilling to accept Bradley's plea offer, but would leave the appropriate sentence up to the judge. Galen testified the trial judge told him to tell Bradley whatever sentences he imposed they would be imposed concurrently. *Page 3 
(T. 46.) Galen testified he told Bradley that although he was eligible for probation, he was unlikely to receive it. (T. 46.) Galen testified he reviewed the guilty plea form with Bradley and the sentences he faced by entering his plea. Lastly, Galen said he explained to Bradley that the judge would decide the length of the sentence to impose upon him. (T. 49.)
 {¶ 5} On cross-examination, Galen testified he discussed at length with Bradley the discovery material provided him by the State. He reiterated Bradley told him he would agree with the State to an agreed sentence of five years.
 {¶ 6} The trial court took the matter under advisement and informed the parties he would review the record of Bradley's guilty pleas. The trial judge stated the following on the record as a basis for its decision:
 {¶ 7} "THE COURT: Good afternoon, Marshall. I am going to read my decision. Give me just a moment. I am initially going to make my factual determinations regarding this matter. The factual determinations are as follows: Mr. Bradley was indicted on three counts of aggravated robbery, each count including a firearm specification.
 {¶ 8} "The State, following plea negotiations, offered Mr. Bradley the opportunity to enter a plea to each count of aggravated robbery, but each firearm specification would be deleted. Further, the State offered to agree to a prison term of five years.
 {¶ 9} "On October 18, 2007, Mr. Bradley, with counsel, Barry Galen, appeared in open court to discuss the plea negotiations. Mr. Bradley, following an on-the-record discussion concerning the plea negotiations, was unwilling to accept the State's offer.
 {¶ 10} "Mr. Galen, thereafter continued discussions with Mr. Bradley. These discussion, of course, were not on the record. *Page 4 
 {¶ 11} "Ultimately, the parties and the Court went back on the record to discuss a modified negotiated plea. Mr. Bradley, pursuant to the modified negotiation, was going to plead guilty to the three counts of aggravated robbery, the firearm specifications remained deleted, but the Court would decide the sentence to be imposed with the understanding that any prison term would be served in a concurrent fashion.
 {¶ 12} "Mr. Bradley agreed to accept the revised negotiations and the Rule 11 discussion began. The Rule 11 discussion included the Court informing Mr. Bradley that while he was and is, for that matter, eligible for community control sanctions, the great probability was that Mr. Bradley would not receive community control sanctions, but would instead be sentenced to a term of imprisonment.
 {¶ 13} "Mr. Bradley did not question the assertion that prison as opposed to community control sanctions was the very probable sentence.
 {¶ 14} "The plea was completed. The completion of a PSI was ordered, and a sentencing date was established.
 {¶ 15} "Mr. Bradley, on the date sentencing was to occur, indicated his desire to withdraw his plea of guilty. The Court, based upon this, asked Mr. Galen to file a motion on Mr. Bradley's behalf to allow Mr. Bradley to withdraw his guilty plea.
 {¶ 16} "Mr. Lachman was appointed to represent Mr. Bradley concerning the plea withdrawal with Mr. Lachman filing what he styled as a renewed motion to withdrawal [sic] guilty plea.
 {¶ 17} "A hearing on the motion was conducted on November 28, 2007. At the hearing, Mr. Galen testified for the State with Mr. Bradley providing testimony on his behalf.
 {¶ 18} "Mr. Galen testified he, after Mr. Bradley rejected the five-year agreed to *Page 5 
sentence informed Mr. Bradley if he allowed the court to decide the sentence, the great probability was the sentence would be a term of imprisonment, not community control sanctions.
 {¶ 19} "Mr. Bradley, on the other hand, testified that after he rejected the agreed to five-year term of prison, Mr. Galen informed him if he entered a plea of guilty to each count of aggravated robbery, the Court would sentence him to a term of community control sanctions, not a term of imprisonment.
 {¶ 20} "Mr. Bradley further testified that when the Court, during the Rule 11 hearing, informed him that prison, not community control sanctions was the very probable sentence, he did not speak up to indicate this was in contrast to Mr. Galen's indication because he was shocked by the Court's assertion that imprisonment was the very probably sentence.
 {¶ 21} "A motion filed by Mr. Galen asserted Mr. Bradley's innocence as a reason why Mr. Bradley should be allowed to withdraw his guilty plea. At the hearing, however, nothing was presented in support of a claim of innocence other than Mr. Bradley's unsolicited, unsupported and rather gratuitous assertion that he was innocent.
 {¶ 22} "The Court, after the conflicting testimony presented by Mr. Galen and Mr. Bradley, concludes that Mr. Galen's version of events is accurate. Mr. Galen, that is, informed Mr. Bradley that if the Court made the sentencing decision, the Court very probably would impose a term of imprisonment, not community control sanctions.
 {¶ 23} "It is accordingly concluded that Mr. Bradley was not shocked when he was informed during the Rule 11 hearing that he would in all probability be sentenced to prison."
 {¶ 24} In overruling Bradley's motion, the trial court concluded that Bradley had not demonstrated a reasonable and legitimate basis for permitting him to withdraw his guilty *Page 6 
pleas. The Court concluded that Bradley simply had a change of heart concerning his decision to enter the pleas. The Court noted that while Bradley asserted the claim of innocence, no evidence was presented to support that claim. The Court then proceeded to sentence Bradley to three concurrent four-year terms of imprisonment.
 {¶ 25} In a single assignment of error, Bradley contends the trial court erred in denying his motion to withdraw his guilty pleas. Bradley argues the trial court abused its discretion in denying his motion because the State would not have been prejudiced by permitting him to withdraw his pleas and the hearing demonstrated confusion over the potential sentence Bradley faced for his pleas. He also argues that he has a meritorious defense to the State's charges.
 {¶ 26} The State argues that Appellant's assignment should be overruled because the record demonstrates the trial court did not arbitrarily or unreasonably overrule Bradley's motion. The State notes that Bradley was represented by highly competent and experienced counsel. Also, the State notes the court expressly told Bradley he was unlikely to be sentenced to a community control sanction. The States argues Bradley merely had a change of heart which is not a basis for withdrawing a guilty plea.
 {¶ 27} Crim. R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, the rule itself sets forth a standard by which courts judge post-sentence motions, but provides a court with no guidance regarding pre-sentence motions. Generally, pre-sentence motions to withdraw guilty pleas should be freely allowed and treated with liberality if there exists a legitimate *Page 7 
basis for withdrawal. State v. Xie (1992), 62 Ohio St.3d 521, 526, 584
N.E.2d 715. Ordinarily, a trial court should hold a hearing to determine whether a legitimate basis exists for withdrawal of the plea. Id. At 527.
 {¶ 28} A person who enters a guilty plea does not have an absolute right to withdraw it, even when he asserts his desire to withdraw the plea pre-sentence. Id. At 526, 527. An appellate court must affirm a trial court's ruling on a motion to withdraw a plea unless the court abused its discretion in making the ruling. Id. At 526, 527. An abuse of discretion connotes more than an error of law or judgment, but implies a decision that is unreasonable, arbitrary, or unconscionable. Id. at 527.
 {¶ 29} A change of heart is not a legitimate basis for the withdrawal of a plea. State v. Davis (Jan. 5, 2001), Montgomery App. No. 18172. Further, it cannot be said that a trial court abuses its discretion in denying a motion to withdraw a plea where an accused is represented by highly competent counsel, where the trial court conducted a Crim. R. 11 hearing before accepting the accused's plea, where the trial court conducted a hearing on the motion to withdraw, and where the record reveals that the trial court gave the request full and fair consideration. State v. Forest, Montgomery App. No. 19649, 2003-Ohio-1945 at ¶ 16.
 {¶ 30} Bradley did not provide us with a transcript of the plea hearing as required by the appellate rule. We have, however, reviewed the videotape of the plea hearing. The trial court on at least two occasions cautioned Bradley that although he was eligible for probation or community control sanctions, there was a great probability he would not receive a probationary sentence. We find no evidence that Bradley was confused about the likely sentence he faced by entering his guilty pleas. The trial court carefully fulfilled its *Page 8 
duties pursuant to Crim. R. 11. Bradley informed the court he was entering his pleas freely and voluntarily with an understanding of the sentences he faced in doing so. (See also the written plea form executed by the defendant and filed with the court.) Bradley's original counsel, Barry Galen, testified he told Bradley that he was unlikely to receive probation in exchange for his guilty pleas.
 {¶ 31} We find no evidence that the trial court acted unreasonably or arbitrarily in overruling Bradley's motion to withdraw his pleas. The Appellant's assignment of error is Overruled.
 {¶ 32} The Judgment of the trial court is Affirmed.
WOLFF, P.J., and FAIN, J., concur.
Copies mailed to:
Mathias H. Heck, Jr. Jill R. Sink Marshall G. Lachman Hon. Michael Tucker *Page 1