[Cite as *State v. Miller*, 2014-Ohio-4508.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25893 |
| v. | : | T.C. NO. 11CR91 |
| ANTONIO D. MILLER | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

# **O P I N I O N**

Rendered on the _____10th_____ day of _____October_____, 2014.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

RICHARD L. KAPLAN, Atty. Reg. No. 0029406, P. O. Box 751192, Dayton, Ohio 45475
       Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the Notice of Appeal of Antonio D. Miller, filed September 3, 2013.   Miller appeals from the denial of his May 23, 2013

Motion to Withdraw Plea, and he asserts that he was improperly denied jail time credit. We hereby affirm the judgment of the trial court.

{¶ 2} The record reflects that Miller was indicted on March 25, 2008, in case number 2008 CR 1122, on one count of possession of heroin, in violation of R.C. 2925.11(A), one count of possession of cocaine, in violation of R.C. 2925.11(A), and one count of possession of marijuana, in violation of R.C. 2925.11(A). After pleading not guilty, Miller filed a Motion to Suppress. A "Re-Indictment" was issued on April 29, 2008, containing one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2). On January 30, 2009, the trial court overruled Miller's motion to suppress. On April 22, 2009, Miller pled no contest to possession of heroin, a felony of the first degree, and possession of marijuana, a felony of the fifth degree. The remaining charges were dismissed. Miller subsequently absconded, and he was not sentenced until April 15, 2011. The court sentenced Miller to a mandatory term of six years for possession of heroin and to one year for possession of marijuana, to be served concurrently.

{¶ 3} Miller was also indicted, on March 24, 2011, in case number 2011 CR 91, on one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree, and one count of possession of crack cocaine, a felony of the fourth degree, along with a firearm specification. After pleading not guilty, Miller filed a Motion to Suppress on April 26, 2011, and he filed an Amended Motion to Suppress on April 27, 2011. Also on April 26, 2011, Miller filed a notice of appeal in case number 2008 CR 1122. On September 8, 2011, Miller withdrew his suppression motions and pled guilty to having weapons while under disability and possession of crack cocaine. The firearm

specification was dismissed. On the same date an "Entry and Warrant to Transport Prisoner to the Ohio Department of Rehabilitation and Corrections" was filed. The Entry and Warrant provides that "Defendant was held in custody prior to conviction and sentencing for 31 days." On September 14, 2011, the trial court sentenced Miller to five years for having weapons while under disability and to one year for possession of crack cocaine, to be served consecutively to each other and concurrently to the sentence imposed in case number 2008 CR 1122. The judgment entry of conviction provides, "The number of days for which the defendant should receive jail time credit is indicated in the entry and warrant to transport in this case." Miller did not file a direct appeal.

{¶ 4} On October 17, 2011, appointed appellate counsel filed a brief in case number 2008 CR 1122, and on March 16, 2012, this Court issued a Decision and Entry appointing new appellate counsel for Miller, having "discovered significant legal issues arguable on the merits that have not been raised." Subsequent counsel filed a brief on May 30, 2012. On November 9, 2012, this Court reversed the decision of the trial court in case number 2008 CR 1122, concluding that Miller's Fourth Amendment rights were violated and that his motion to suppress accordingly should have been granted.

{¶ 5} In his motion to withdraw guilty plea, Miller asserted in part as follows:

Since the time of the herein plea, Defendant's conviction and sentence in the 2008 case were reversed and vacated by the Second District Court of Appeals. As a result, at this time, Defendant is only serving a prison sentence on the herein case. Defendant asserts that he only pled guilty in this case in order to get the benefit of a concurrent sentence. However, now that the

2008 case was vacated and dismissed by the Court of Appeals, Defendant feels that the six years herein is extremely high and thus a manifest injustice.

**{¶ 6}** On August 5, 2013, the State opposed Miller's motion in part as follows:

Defendant did not file his motion until more than a year after he had been sentenced. Accordingly, any claims he makes in his motion should be viewed with caution.

\* \* \*

Defendant provides no case law to support [his] proposition. He bargained with the State for a sentence that would run concurrently with his 2008 case. He received a concurrent sentence. Far from a manifest injustice, Defendant received justice in this case.

**{¶ 7}** On August 7, 2013, Miller filed a Motion for Jail Time Credit, in which he asserted that "when case number 2008 CR 1122 was rever[s]ed and remanded by the Court of Appeal, Mr. Miller lost substantial jail time credit for the time he[] served on 2008CR1122."

**{¶ 8}** On August 9, 2013, a "Jail Time Credit Report Entry" was filed which provides that Miller is entitled to 22 days of jail time credit in case number 2011 CR 91, and that "Mr. Miller was originally sentenced to 6 years total incarceration in 2011 CR 00091, concurrent with his sentence in 2008 CR 01122. The 2008 case was later repealed and remanded, then dismissed without prejudice. Per Judge McGee, no time served on the 2008 case can be applied to the 2011 case."

{¶ 9} At the hearing on Miller's motion to withdraw his pleas, counsel for Miller asserted that the sentencing scheme pursuant to which Miller was sentenced was amended shortly after sentencing in 2011 CR 91. Counsel for Miller asserted that if Miller were "sentenced today, Mr. Miller would only be sentenced to, and if the Court would have imposed the maximum, 36 months on the having weapons under disability and 12 months on the possession of cocaine case, which the sentencing laws have changed the latter offense to an F5. So the maximum would have been four years." Counsel for Miller asserted as follows:

> The argument and what we're indicating to the Court is Counsel has reviewed the plea in colloquy (sic) with Defendant. And although we're not arguing that the plea was not voluntary, that's not our argument to the Court, and we're not arguing that the plea was not knowingly. The argument that we'd want the Court to take in consideration and falling (sic) whether the standard of manifest and justice (sic) have been made is whether at the time Mr. Miller could have made an intelligent decision understanding what the possible penalties were, however not being able to understand whether the 2008 case which was still pending on appeal. Moreover, not knowing that the laws would have changed within a two weeks time.

{¶ 10} The State responded in part that Miller was sentenced "according to laws as it applied then. There's no guarantee the Court would have granted him a continuance since he had already absconded on the 2008 case so he'd get the benefit of the new law anyway."

{¶ 11} The trial court's decision provides that its reasons for overruling Miller's motion to withdraw his pleas were set forth in open court. The court indicated as follows at

the hearing on Miller's motion to withdraw his plea:

All right. We're back on the record in case number 2011CR91. Parties are still present. The Court had called a recess to obtain some case law, also to make sure I had my dictionary present so I could break down what I'm going to say into language everybody understands.

The Court's going to start out your motion isn't well taken, meaning I'm going to overrule it. And the reason I'm going to overrule it is because I do not feel that the Court committed any error in this place, in this case. The Court provided you, Mr. Miller, with a lot of mercy and you ran away. You weren't adult enough to come back and face your consequences. And I am a judge who gives mercy at the time of sentencing. And it's up to the Defendants to be adult enough to realize that I have given you mercy.

When you violate those terms and I sentence you to prison, everybody suddenly gets a revelation that you understand. You suddenly understand what I was trying to do, but then it's too late. I gave you your opportunity. You chose. And I gave you that opportunity in the 2008 case. You chose to abscond. You picked up another case.

In addition, even after you were caught, the Court still gave you the sentence that I had said I would give you in the 2008 case and I ran this new case, the 2011 case, concurrent with the other one. So instead of giving you 12 years, which this Court could have given you, this Court gave you 6. So really it doesn't matter if the other case was reversed, dismissed, whatever.

You're here on this one and that's the amount of time you should have gotten.

Now whether you should have, would have, could have been granted a continuance for two weeks so that the new caselaw could come in, I seriously doubt it based upon the fact that you didn't show up for your sentencing in the other case. So I'm not going to give you the benefit of extra mercy when you can't even be man enough to take the consequences. I'm not going to do it. And I don't think there's anything, an abuse of any discretion that I have in not doing that.

So - - and the reason I was going to say is that the phrase I was going to say is it really galls me when people do that. And the definition of galling means it - - and I'm going to pull it out to just make sure we say it correctly - - to cause a state of exasperation. It annoys, it irks, it offends me when people don't understand or refuse to understand that which is given to them and don't take advantage of it. So that is the regular folks' breakdown of what I'm saying.

I'm going to say legally now what we put on the record. Your motion is overruled. The Court does not find that the Defendant upheld his burden of persuasion in this case. So, and the Court cites caselaw State vs. Peterseime, P-E-T-E-R-S-E-I-M-E, 68 Ohio App.2d 211, that he has no right, a Defendant who enters a guilty plea has no right to absolutely withdraw it. It's only under the criminal rules to correct a manifest injustice.

The Court finds that the Defendant suffered no manifest injustice.

That has been defined in <u>State vs. Powell</u> as a manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the Defendant could not have sought redress from the resulting prejudice through another form of application readily - - excuse me - - reasonably available to him or her, <u>State vs. Powell</u>, 2010, 2nd District, 2009 Court of Appeals 72, 210 Ohio 3247, paragraph 38.

The Court finds that the Defendant executed a knowing, intelligent, and voluntary waiver of his rights.  He did a plea that was knowing and intelligently made. The Court imposed a reasonable if not lenient sentence in running the sentence in 2011CR91 with the 2008 case.

The sentence that the Defendant is serving is based upon the conviction in 2011 and not based upon what happened in 2008.  And the motion is overruled.

**{¶ 12}**  Miller asserts two assignments of error herein.   His first assigned error is as follows:

"THE TRIAL COURT VIOLATED MR. MILLER'S DUE PROCESS RIGHTS WHEN IT ORDERED HE NOT RECEIVE JAIL TIME CREDIT FOR TIME SERVED IN MONTGOMERY COUNTY COMMON PLEAS COURT CASE NO. 2008 CR 1122."

**{¶ 13}**   According to Miller, the "trial court on August 9, 2013 unilaterally denied, without hearing and notice, Mr. Miller credit for any time served on a vacated convict[ion] toward his time to be served in Montgomery County Common Pleas Court Case 2011 CR 91."

**{¶ 14}** We initially note that this Court has indicated that defendants are required to challenge an erroneous legal determination on jail-time credit in a direct appeal to avoid being barred by the doctrine of res judicata, and that "'if the trial court makes a mathematical mistake, rather than an erroneous legal determination, in calculating the jail-time credit, then a defendant may seek judicial review via a motion for correction before the trial court.'" *State v. Flemings*, 2d Dist. Montgomery No. 24615, 2011-Ohio-4286, ¶ 27-28, quoting *State v. Roberts*, 10th Dist. Franklin No. 10AP-729, 2011-Ohio-1760, ¶ 6.

**{¶ 15}** Even if we were to consider Miller's motion as one for correction of a mathematical mistake on his jail-time credit, it is without merit. As noted by the Ohio Supreme Court:

> The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. Recognizing that the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status, the United States Supreme Court has repeatedly struck down rules and practices that discriminate against defendants based solely on their inability to pay fines and fees. * * * Relying on the principle set forth in such cases, courts have held that defendants who are unable to afford bail must be credited for the time they are confined while awaiting trial. * * *.
>
> This principle is codified in Ohio at R.C. 2967.191. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7-8.

**{¶ 16}** R.C. 2967.191 provides:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, * * * [and] confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * * .

{¶ 17} Miller's confinement in the vacated 2008 case did not arise out of the offenses at issue herein, and Miller is not entitled to the application of jail-time credit for that period of time to his sentence in case number 2011 CR 91. Miller's first assigned error is overruled.

{¶ 18} Miller's second assigned error is as follows:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. MILLER WHEN IT DENIED HIS MOTION TO VACATE PLEA."

{¶ 19} Regarding his plea, Miller asserts that "he could not have made an intelligent decision since he did not know that the sentencing law would change approximately two weeks after he was sentenced. The impact of the plea at a later date was that instead of five years on the weapons under disability charge he would have received a three year sentence on that charge." Miller asserts that his "conviction for having weapons under disability was based on a conviction which was vacated by this Court," and he acknowledges in a footnote the Ohio Supreme Court's holding in *State v. Taniguchi,* 74 Ohio St.3d 154, 656 N.E. 2d 1286, at syllabus, that a "conviction under R.C. 2923.13 for having weapons while under disability is not precluded when there is an acquittal on, or dismissal of, the indictment

which had formed the basis for the charge of having a weapon while under disability." Miller "submits that this issue should be briefed and submitted as it is time to reconsider this holding for several Constitutional reasons."

{¶ 20} We initially note, as did the trial court, that " * * * '[o]ne who enters a guilty plea has no right to withdraw it.'" *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863, 865 (8th Dist.1980) (citation omitted). As this Court has noted:

> A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Accordingly, " 'Crim.R. 32.1 permits a court, upon motion, to set aside a defendant's conviction and permit the defendant to withdraw his or her plea of guilty or no contest after sentence has been imposed in order "to correct manifest injustice." The manifest injustice standard demands a showing of extraordinary circumstances.' " (Citations omitted.) *State v. Reed*, 2d Dist. Clark No. 01CA0028, 2001 WL 1173329, *4 (Oct. 5, 2001).

*State v. Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, ¶ 8.

{¶ 21} As this Court has further noted: "* * * '[T]he defendant has the burden to prove the existence of manifest injustice.'" *State v. Wheeler*, 2d Dist. Montgomery No. 18717, 2002 WL 91304, * 1 (Jan. 25, 2002), quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999). "'The term injustice is defined as the "withholding or denial of

justice. In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual." * * *.'" *Id*.

{¶ 22} "An appellate court must affirm a trial court's ruling on a motion to withdraw a plea unless the court abused its discretion in making the ruling." *State v. Bradley*, 2d Dist. Montgomery No. 22542, 2008-Ohio-6033, ¶ 28. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." *State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 10.

{¶ 23} As this Court has noted:

"A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." *State v. Davidson*, 2d Dist. Greene No. 2004 CA 78, 2005-Ohio-2762, ¶18, quoting *Peterseime*.

"A change of heart is not a legitimate basis for the withdrawal of a plea. *State v. Davis* (Jan. 5, 2001), Montgomery App. No. 18172." *Bradley*, ¶ 29.

{¶ 24} H.B. 86, which went into effect on September 30, 2011, amended Ohio's sentencing scheme. Prior to amendment, having weapons while under disability, a felony of the third degree, was punishable by a term of "one, two, three, four or five years." R.C. 2929.14(A)(3). After amendment, having weapons while under disability is punishable by a

term of "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months". R.C. 2929.14(A)(3)(b). Prior to amendment, possession of crack cocaine was a felony of the fourth degree, and was punishable by a term of "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). After amendment, possession of crack cocaine is a felony of the fifth degree and punishable by a term of "six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2925.11(C)(2)(a); R.C. 2929.14(A)(5).

{¶ 25} As this Court has noted:

The General Assembly expressly provided in Section 4 of H.B. 86 that the amendments to R.C. 2929.14(A) "apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable."_ R.C. 1.58(B) states that "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."_ *State v. Rammel*, 2d Dist. Montgomery No. 24871, 2013-Ohio-3045, ¶ 12.

{¶ 26} We initially note that the transcript of Miller's plea hearing in case number 2011 CR 91 is not part of the record of the court, and "absent a transcript of the proceedings, this Court must presume regularity in the proceedings before the trial court" regarding the court's compliance with Crim.R. 11. *State v. Kreuzer*, 2d Dist. Greene No. 98-CA-100, 1999 WL 959206, * 5 (Aug. 6, 1999). Miller, represented by counsel, received a full hearing on his motion to withdraw his plea, and the court considered Miller's arguments. Further, Miller was

convicted and sentenced in the 2011 matter prior to the effective date of H.B. 86, and we accordingly cannot conclude that the trial court abused its discretion in denying his motion to withdraw his pleas; a change of heart based upon a subsequent change in the law does not demonstrate a manifest injustice. Finally, Miller did not argue below that his conviction for having weapons while under disability was precluded based upon the reversal of the 2008 matter, his conviction is not precluded based upon the reversal, and we hereby deny Miller's request for further briefing on the issue. Miller's second assignment of error is overruled.

**{¶ 27}** The judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Richard L. Kaplan
Hon. Frances E. McGee