[Cite as *State v. Hudson*, 2018-Ohio-4880.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2018-CA-10, |
| | : | 2018-CA-11 |
| v. | : | |
| | : | Trial Court Case Nos. 2018-CRA-885, |
| LARRY D. HUDSON | : | 2018-TRD-1899 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Municipal Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of December, 2018.

. . . . . . . . . . .

LENEE BROSH, Atty. Reg. No. 0075642, 211 Miami County Prosecutor's Office, Appellate Division, 201 W. Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

GLENDA A. SMITH, Atty. Reg. No. 0070738, P.O. Box 15353, Wyoming, Ohio 45215
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the court on the May 10, 2018 Notices of Appeal of Larry Dean Hudson, filed in Case Nos. 2018 CRA 885 and 2018 TRD 1899. Hudson appeals from his convictions, following no contest pleas, to one count of failure to comply with an order or signal of a police officer ("failure to comply"), in violation of R.C. 2921.331(A), in Case No. 2018 CRA 885, and one count of failure to stop after an accident ("failure to stop"), in violation of R.C. R.C. 4549.02, in Case No. 2018 TRD 1899.   Both offenses are misdemeanors of the first degree. For the reasons set forth below, Hudson's conviction for failure to stop is affirmed, and his conviction for failure to comply is vacated, and the matter is remanded for further proceedings regarding the offense of failure to comply.

{¶ 2} On March 7, 2018, in Case No. 2018 TRD 1899, Hudson received two traffic citations for multiple offenses, namely failure to reinstate his driver's license, reckless operation, failure to stop, expired plates, and failure to control.   On the same date, in Case No. 2018 CRA 885, Hudson was charged by way of complaint with failure to comply, in violation of R.C. 2921.331(B), a felony of the third degree.   The complaint provided that "the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

{¶ 3} A preliminary hearing was scheduled for March 15, 2018, for both cases. On that date, Hudson entered a plea of no contest in Case No. 2018 CRA 885 to the reduced charge of failure to comply, in violation of R.C. 2921.331(A), a misdemeanor of the first degree.   The court's entry of disposition provided:   "Complaint Amended to: 2921.331(A) (M-1)."   In Case No. 2018 TRD 1899, Hudson pled no contest to the charge

of failure to stop. Our record does not contain a transcript of the plea hearing, and our conclusion that Hudson entered no contest pleas is based upon the fact that the court's entries of disposition so reflect. Hudson's plea forms in each case are captioned "Plea of Guilty or No Contest," and they do not identify Hudson's pleas or offenses. The identical forms, signed by Hudson, provide as follows:

The undersigned does hereby acknowledge that he/she has read this form and understands the following:

1. The nature and elements of the crime with which I am charged.

2. The difference between the pleas of guilty, not guilty, and no contest.

3. The maximum sentence that may be imposed upon me now or upon a violation of my probation, including any mandatory sentence that may be imposed.

4. That I have a right to an attorney and that I have the right to have an attorney appointed for me in the event I cannot afford one.

* * *

__X__ That I am satisfied with my attorney's advice and I am entering this plea after considering my attorney's advice.

5. I further understand that by entering a plea of "Guilty" (admits to the charge(s)) or "No Contest" (do not contest the charge(s)), that there will be no trial and that I waive the following rights:

a. The right to a speedy public trial to the court or to a jury.

b. The right to testify or not to testify in my own behalf.

c. The right to subpoena witnesses to testify in my behalf.

d. The right to cross examine the State's witnesses.

e. The right to require the State to prove me guilty of each and every element of the offense(s) beyond a reasonable doubt.

I am entering this plea knowingly and voluntarily. No promises, threats or other representations have been made to influence me to enter this plea except as have been made on the record.

**{¶ 4}** We note that the plea forms in both cases reflect the following case numbers: "2018 TRD 01889" and "2018 CRA 00885," and that Case No. 2018 CRA 885 is the case number assigned to the felony complaint.

**{¶ 5}** The court scheduled sentencing for April 25, 2018. On March 23, 2018, the court filed, in both case numbers, handwritten correspondence from Hudson dated March 22, 2018, which provided as follows: "I am writing to notify the courts that I Larry D. Hudson do not agree or consent to the charges that are against me. The charges of fail[ure] to comply with police officer and stopping after accident roadways and highways [sic], I do not believe apply to me."

**{¶ 6}** On April 25, 2018, the court sentenced Hudson to 180 days in each case, to be served consecutively, and ordered him to pay restitution in the amount of $465.28 in Case No. 2018 TRD 1899. We note that in each case, the court's entries of disposition provide: "Record to be Journalized by the Clerk of Courts." On May 4, 2018, in each case, the Deputy Clerk issued an entry that provided:

Sentence: 360 days
To the Keeper of the Jail
Whereas, Larry D. Hudson has been arrested on oath of:
Ptl. Souter (Tipp), Ptl. Madigan (Troy)
FOR: M1 FTC w/ Police Officer, Stop after Accident

O.R.C./ C.O.# 2921.331, 4549.02
And has been found guilty and sentenced to be imprisoned for the above term.
The defendant is to remain in your custody until his/her sentence expires.

{¶ 7} Hudson submitted additional correspondence to the court dated April 26, 2018, which provided:

Sirs I'm not in understanding how it is that a public defender can have a defendant to sign a plea agreement that was not fully filled in, and then to enter the plea without the defendant knowing the plea. I don't know what my plea was and is to me a forced contract that can't be legal. On 03-22-18 I sent a handwritten letter to the Clerk of Court's stating I didn't believe these charges apply to me. * * *

{¶ 8} In another letter dated April 26, 2018, Hudson again asserted that his plea agreement was "incomplete," and that he "did not know what the plea was." Finally, Hudson submitted correspondence dated April 29, 2018, which stated that "on the day of March 07, 2018 I Larry D. Hudson was not driving and did not wreck any vehicle. * * *"

{¶ 9} We note that the record reflects that at the time Hudson filed his Notices of Appeal, he also filed a "Motion for Transcripts of the Proceedings," in which he "move[d] this Court for a transcript of the Proceedings to be used for the purpose of appeal in the within case." The court granted the motion on May 10, 2018. A transcript of the sentencing hearing was later filed with this court, but no transcript of the plea hearing was filed.

{¶ 10} Hudson asserts three assignments of error herein. We note that the prosecutor did not file a brief in response. Hudson's first and second assignments of error are addressed to the trial court's failure to comply with Crim.R. 11 in accepting

Hudson's pleas, and we will consider them together. They are as follows:

THERE IS NO RECORD THAT THE TRIAL COURT COMPLIED WITH OHIO CRIM.R. 11(D).

THE TRIAL COURT ERRED IN FAILING TO MAKE A RECORD.

{¶ 11} In his first assignment of error, Hudson asserts that the "trial court erred in not entering into a meaningful dialogue with appellant about waiving his constitutional rights including the effects of a plea." Hudson asserts that this Court "cannot review whether the plea represents a voluntary and intelligent choice among alternative courses of action open to defendant because there is no transcript of the plea." Hudson further argues that "exposure to two misdemeanors which could result in 12 months in jail constitutes a serious offense," and that his "plea and sentence should be vacated and remanded because the court failed to comply with Crim.R. 11(D) or 11(E)."

{¶ 12} In his second assignment of error, Hudson asserts that the "trial court erred in not putting a negotiated plea in a felony case on the record." He directs our attention to Crim.R. 11(F), which provides as follows: "When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."

{¶ 13} We will first address Hudson's conviction for failure to stop. Crim.R. 11 provides in relevant part:

* * *

**(D) Misdemeanor Cases Involving Serious Offenses.** In misdemeanor cases involving serious offenses the court may refuse to

accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. * * *

**(E) Misdemeanor Cases Involving Petty Offenses.** In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

{¶ 14} Crim.R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(D) defines a "petty offense" as "a misdemeanor other than a serious offense." R.C. 2929.24(A) provides that "if the sentencing court imposing a sentence upon an offender for a misdemeanor elects or is required to impose a jail term on the offender pursuant to this chapter, the court shall impose a definite jail term that shall be one of the following: (1) For a misdemeanor of the first degree, not more than one hundred eighty days; * * *"

{¶ 15} Failure to stop is a misdemeanor of the first degree, a petty offense, and the court was accordingly required to inform Hudson of the effect of his no contest plea, pursuant to Crim.R. 11(E). Crim.R. 11(B)(2) governs the effect of a no contest plea and provides that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *."

{¶ 16} As this Court has previously noted:

> * * * Although Crim.R. 11(E) does not require the trial court to engage in a lengthy inquiry when a plea is accepted to a misdemeanor charge involving a petty offense, the rule does require that certain information be given on the "effect of the plea." [*State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093]. Whether orally or in writing, a trial court must recite the appropriate language from Crim.R. 11(B) before accepting the plea. *Id.*

*State v. Bond*, 2d Dist. Montgomery No. 24457, 2011-Ohio-3272, ¶ 8.

{¶ 17} As noted above, Hudson's pleas were not placed on the record. As this Court has further noted, " 'absent a transcript of the proceedings, this Court must presume regularity in the proceedings before the trial court' regarding the court's compliance with Crim.R. 11. *State v. Kreuzer*, 2d Dist. Greene No. 98-CA-100, 1999 WL 959206, *5 (Aug. 6, 1999)." *State v. Miller*, 2d Dist. Montgomery No. 25893, 2014-Ohio-4508, ¶ 26.

{¶ 18} Hudson acknowledged in his plea form for failure to stop in Case No. 2018 TRD 1899 that he understood the difference between pleas of guilty, not guilty, and no contest, and that his plea was entered knowingly and voluntarily. Presuming regularity as we must, we have no basis to conclude that the court failed to comply with Crim.R. 11(E) in accepting Hudson's no contest plea to failure to stop. Hudson's first assigned error is accordingly overruled as to the offense of failure to stop.

{¶ 19} Our analysis is different regarding Hudson's conviction for failure to comply. This is so because Hudson was initially charged with a felony of the third degree, in violation of R.C. 2921.331(B). While the court's entry of disposition provides "Complaint Amended to 2921.331(A)(M-1)," there is no amended complaint in the record before us. The only complaint in the record charges Hudson with a violation of R.C. 2921.331(B),

with the specification that Hudson's operation of the vehicle caused a substantial risk of serious physical harm to persons or property.

{¶ 20} R.C. 1901.20 provides that "[t]he municipal court has jurisdiction to hear misdemeanor cases committed within its territory." As noted by the First District:

> A municipal court has limited jurisdiction relative to felony charges. At the conclusion of the preliminary hearing, it may (upon finding probable cause to believe the accused committed the offense) bind the accused over to the court of common pleas, or find that there is probable cause that a misdemeanor has been committed by the accused and retain the matter for trial of the misdemeanor offense *provided a complaint charging the misdemeanor is filed*, or it may order the accused discharged. Crim.R. 5(B)(4) and Crim.R. 5(B)(6).

(Emphasis added). *State v. Craig*, 1st Dist. Hamilton No. C-850444, 1986 WL 3096, *1. *See also State v. Nelson*, 51 Ohio App.2d 31, 365 N.E.2d 1268 (8th Dist.1977).

{¶ 21} Crim.R. 5(B) governs the procedure for preliminary hearings in felony cases, and Crim.R. 5(B)(6) provides: "In any case in which the defendant is ordered to appear for trial for any offense other than the one charged *the court shall cause a complaint charging such an offense to be filed.*" (Emphasis added). The record reflects that the municipal court failed to comply with Crim.R. 5(B)(6), because no complaint charging Hudson with failure to comply as a first degree misdemeanor was ever filed. We note that Crim.R. 7(A) provides that a "misdemeanor may be prosecuted * * * *by complaint* * * * in courts inferior to the court of common pleas." (Emphasis added.) As further noted by the First District, the "complaint is essential to invoke the jurisdiction of

the court * * *." *Id.* at *2. By accepting Hudson's no contest plea to a charge under R.C. 2921.331(A), a misdemeanor of the first degree, without an amendment of the complaint, and by finding Hudson guilty of that charge, the court acted without authority, and we conclude that its proceedings as to that offense are void.[1] Hudson's conviction for failure to comply is accordingly vacated.

{¶ 22} Regarding Hudson's second assignment of error involving the trial court's failure to make the recitation required by Crim.R. 11(F) on the record, our conclusion that the court acted without authority in accepting Hudson's no contest plea to failure to comply, necessitating the reversal of his conviction for that offense, renders analysis of this assignment of error moot. Hudson's second assignment of error is overruled.

{¶ 23} Hudson's third assignment of error is as follows:

INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO REQUEST A RECORD OF THE PLEAS.

{¶ 24} According to Hudson, defense counsel "was ineffective because trial counsel prejudiced appellant for not demanding appellant's plea be put on the record," referring to Case No. 2018-CRA-885. He asserts that "there is a question regarding the initial charge of a felony," and that the "lack of a record prejudiced appellant's appeal." We conclude that this assignment of error is rendered moot by virtue of our conclusion that the trial court lacked authority to address the charged offense without amendment of the complaint pursuant to Crim.R. 5(B)(6).

---

[1] We acknowledge that the prosecutor apparently sought to amend the felony complaint at the preliminary hearing stage but no new complaint was generated. Furthermore, the felony complaint was not dismissed as the plea form bears the felony complaint number, 2018 CRA 885.

{¶ 25} The judgment of the municipal court is affirmed as to Hudson's conviction for failure to stop and vacated as to his conviction for failure to comply. The matter is remanded for further proceedings consistent with this opinion as to charge of failure to comply.

. . . . . . . . . . . .

HALL, J. concurring:

{¶ 26} In my opinion there was an adequate charging instrument giving the Municipal Court jurisdiction over the misdemeanor charge of failure to comply under R.C. 2921.331(A). The disposition record reveals that the original complaint initiating the felony charge, a violation of R.C. 2921.331(B), was amended at bar as follows: "On motion of the State Complaint amended to: 2921.331(A)(M-1)." Crim.R. 7(D) allows liberal amendment of a charge to a lesser and included offense, and such a practice is done on the record verbally daily throughout Ohio. R.C. 2921.331(A) has been held to be a lesser and included offense of R.C. 2921.331(B). *State v. Orr*, 8th Dist. Cuyahoga No. 95344, 2011-Ohio-1371, ¶18-19.

{¶ 27} I distinguish *Craig*, 1st Dist. Hamilton No. C-850444, 1986 WL 3096, because my reading of that case indicates a felony indictment had been issued prior to completion of the municipal court preliminary hearing and prior to reduction of the charge to a misdemeanor in municipal court. That indictment eliminated jurisdiction of the municipal court to proceed further with the preliminary hearing or with reduction of the charge and a plea. *See* Crim.R. 5(B)(1) ("The preliminary hearing shall not be held, however, if the defendant is indicted."). The case of *Nelson*, 51 Ohio App.2d 31, 365

N.E.2d 1268, also is somewhat different. There the preliminary hearing was completed and the trial court found no probable cause as to the charged felony of robbery, but it did find probable cause as to the misdemeanor offense of petty theft. Because the trial court made findings concluding the preliminary hearing and finding probable cause a misdemeanor had been committed, Crim.R. (5)(B)(6) required that "the court shall cause a complaint charging such offense to be filed." There is no indication in the present case that a preliminary hearing was conducted.

{¶ 28} I agree with the following conclusion of the Fifth District in *State v. Trifelos*, 5th Dist. Stark No. CA-5809, 1982 WL 3005, *2 (June 3, 1982): "Where the State moves to amend an existing felony complaint filed in a municipal court to set forth a lesser included misdemeanor offense, and the court grants such motion with the concurr[e]nce of the defendant, Crim.R. 7(D) permits such amendment, and the requirements of Crim.R. 5(B) are met so that the court has jurisdiction to retain the case for trial. This would obviously include jurisdiction to accept a plea."

{¶ 29} Nevertheless, because there is no transcript documenting the record of the plea or the amendment of the charge, I agree that the failure-to-comply conviction should be reversed, vacated, and remanded. We do not know precisely what happened in the trial court. Crim.R. 11(F) states: "When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court." Because there appears to be no transcript, I conclude Crim.R. 11(F) was not complied with, and I therefore concur in the disposition of this case.

WELBAUM, P.J. dissenting:

{¶ 30} I very respectfully dissent. The majority reverses Hudson's conviction for failure to comply in violation of R.C. 2921.331(A) in concurring opinions that, in part, are based on the lack of a complete record. The opinions reverse for different reasons, and both assume facts not in the record. Judge Donovan's lead opinion describes a scenario premised on assumed but unknown facts, upon which reversal may be correct. On the other hand, Judge Hall's opinion describes a possible scenario where one may conclude the case should be affirmed. However, Judge Hall concurs in reversal based on the lack of a complete record. It is problematic that the merits of these well-written opinions languish in the uncertainty of facts caused by a lack of a complete record, which would decide the outcome.

{¶ 31} In the absence of a complete record, an appellant has a duty to supplement the record. App.R. 9(A) provides that "[t]he trial court shall ensure that all proceedings of record are recorded by a reliable method, which may include a stenographic/shorthand reporter, audio-recording device, and/or video recording device." App.R. 9(B)(1) further states that "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)."

{¶ 32} In situations where no recording was made, or it was made and is unavailable for transcription, App.R. 9(B)(4) provides that an appellant may use App.R. 9(C) or (D). App.R. 9(C) allows an appellant to prepare a statement of the proceedings, followed by the appellee's objections, if any. The trial court then settles any disputes. Alternatively, the parties may agree, under App.R. 9(D), to a statement of the record for

purposes of appeal. App.R. 9(E) provides for supplementation or correction of the record.

{¶ 33} Under well-established authority, where the record does not include a transcript of a hearing, the "Appellant has failed in his duty to provide this court with a record on appeal that exemplifies and demonstrates the claimed error. * * * Absent a record, we cannot presume that the trial court acted improperly or that Defendant suffered prejudice as a result. Under those circumstances we must presume the regularity and validity of the trial court proceedings, and affirm." *State v. Williams*, 2d Dist. Clark No. 06CA0120, 2007-Ohio-5754, ¶ 6 (no transcript of the resentencing hearing was provided).

{¶ 34} Here, no transcript of the change of pleas in these cases was filed, which causes the confusion. Hudson's attorney did file a motion to "supplement the record with any evidence relating to the plea, for example, Crim.R. 11 notifications, anything Appellant signed related to the plea and Sentencing Entries in the above captioned case" with our court. Hudson did not specifically request a transcript. We evidently denied the motion because the specific items requested were already part of the record. In any event, Hudson failed to comply with App.R. 9.

{¶ 35} Even if we assume that the trial court did not record the change of plea proceedings, App.R. 9 is a required procedural step for allowing us to make an accurate determination. We must presume regularity and validity of all trial court proceedings. In the absence of either a record or the use of a proper substitute provided for in App.R. 9, in which error is demonstrated, the judgment of the trial court should be affirmed. Alternatively, I would order the Hudson to properly supplement the record with a transcript or to comply with App.R. 9 prior to our decision on the case.

**{¶ 36}** For these reasons, I very respectfully dissent.

Copies sent to:

Lenee Brosh
Glenda A. Smith
Hon. Gary A. Nasal