[Cite as *State v. Allen*, 2026-Ohio-948.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :   C.A. No. 2025-CA-20 |
|     Appellee | : |
| | :   Trial Court Case Nos. 22-CR-0508; 22- |
| v. | :   CR-0547(A); 22-CR-0680 |
| | : |
| RYAN ALLEN | :   (Criminal Appeal from Common Pleas |
| | :   Court) |
|     Appellant | : |
| | :   **FINAL JUDGMENT ENTRY &** |
| |    **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 20, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

CHRISTOPHER BAZELEY, Attorney for Appellant
JOHN M. LINTZ, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Ryan Allen appeals from the judgment of the Clark County Common Pleas Court revoking his community control sanctions and imposing a three-year prison sentence. For the following reasons, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} This court previously set forth the procedural history herein as follows:

In 2022, Allen was charged by indictment for violations of a protection order in two separate cases. [Clark C.P. Nos. 22-CR-508 and 22-CR-680.] The charges alleged that he had violated a protection order by contacting his ex-wife's employer through email. The protection order defined "contact" to include communication by telephone, text messaging, email, voice mail, and other forms of communication and prohibited Allen from engaging in such contact directly or through another person. Allen had consented to the terms of the protection order and had signed it.

On January 19, 2023, a jury found Allen guilty of both charges at a consolidated trial. On February 9, 2023, the trial court sentenced Allen on each count to community control sanctions, with special sanctions, for a term of five years, a jail term of six days with jail time credit, and 12 months of incarceration, which was suspended. Allen later entered a no contest plea in a third case for a violation of the protection order [Clark C.P. No. 22-CR-

547(A), wherein the victim was V.D.]; he was also sentenced to community control in that case, which required his compliance with the community control sanctions set forth in the prior two cases.

Allen appealed his January 2023 convictions and asserted several assignments of error, including that the trial court had abused its discretion when it imposed certain special conditions of community control. The special conditions at issue obligated Allen to: engage in no contact, directly or indirectly, with his ex-wife; abstain from posting on social media; abstain from communicating with any media; and abstain from saying anything derogatory about the victim (his ex-wife) or the Clark County Sheriff's Office. In an October 6, 2023 opinion, we agreed with some of Allen's arguments and concluded that some of the conditions of community control imposed by the trial court were unreasonably overbroad. *State v. Allen*, 2d Dist. Clark No. 2023-CA-6, 2023-Ohio-3655 (*Allen I*). We remanded the cases to the trial court for it to impose narrowed special conditions.

However, before our opinion in *Allen I* was issued, Steven Henry, Allen's probation officer, filed community control violations against Allen, alleging three separate violations. First, according to Henry, Allen violated his community control sanctions when he was heard during a jail telephone conversation encouraging his sister to contact the media or utilize social media by saying, "If anybody wants to start telling the story, they can. However they want to tell it, if you catch my drift. I think a little public outcry might be a thing." Second, Henry alleged that Allen had shown a video of his ex-wife disciplining their . . . daughter. Finally, Henry alleged that Allen had filed an FBI report

3

alleging that his ex-wife was harassing him by having Beth Hollingsworth, a deputy for the Clark County Dog Warden, surveille him to obtain information for her. These three violations were filed in all three of the foregoing cases, constituting three separate violations per case.

A revocation hearing was held on July 31, 2023. After considering the evidence presented at the hearing, the trial court found that Allen had violated the special conditions of his community control sanctions. For the first violation, the court found that Allen had violated the special condition that he abstain from using social, conventional, or any other media or, in this case, soliciting another (his sister) to do so on his behalf. For the second violation, the court found that the video that Allen had allegedly shown his daughter was not presented at the hearing, and therefore there was insufficient evidence to warrant a finding that he had violated his community control on that basis. For the third violation, the court found that Allen had violated the special condition that he stop, move on, leave his ex-wife alone, abstain from saying anything derogatory about his ex-wife, and cease and desist from any further harassment of his ex-wife when he filed a report with the FBI after witnessing Hollingsworth, while in uniform in her county vehicle, photograph his car outside his residence.

On September 14, 2023, the trial court terminated Allen's community control and sentenced him to 12 months in prison in each of the three cases, with the sentences to run consecutively for a total sentence of 36 months.

*State v. Allen*, 2024-Ohio-2549, ¶ 4-9 (2d Dist.).

4

{¶ 3} Allen appealed the trial court's judgments revoking community control sanctions and sentencing him to prison. This court reversed the finding that Allen violated community control and remanded the matter "for consideration of any alleged community control violations in light of the narrowed conditions set forth in *Allen I.*" *Id.* at ¶ 19. On July 24, 2024, the trial court issued an entry finding that Allen violated not only the overbroad conditions originally imposed but also the narrowed ones as well. Disposition occurred on August 9, 2024. The court continued Allen on community control "with all original conditions, subject to the narrowing of specified conditions," plus the additional condition that he serve 432 days. The entry stated that Allen would be sentenced to 12 months on each case to be served consecutively for an aggregate term of 36 months if Allen violated community control.

{¶ 4} Aside from the trial court's disposition of Allen's cases on remand, it also considered the petition for postconviction relief that he filed on January 16, 2024. The court rendered its decision denying Allen's petition on October 24, 2024. Allen's notice of appeal followed on November 6, 2024.

{¶ 5} In December 2024, Steven Henry filed an affidavit and amended affidavit alleging that Allen violated community control. Henry testified at a violation hearing on February 18, 2025, that among other conditions, Allen was to have no contact with M.A., and Allen was required to inform Henry if he intended to move. Henry stated that he learned that Allen moved to Columbus and that Allen failed to report as scheduled on December 19, 2024. Henry presented screenshots of social media posts by Allen disparaging M.A. and her employment. M.A. also testified about the social media posts. The trial court found that Allen violated community control, including Condition 2, which required him to inform his probation officer about moving and to obtain permission before doing so. At disposition on March 17, 2025, the court sentenced Allen to 12 months in each case to run consecutively for an

5

aggregate three years in prison, with credit for 460 days already served. Allen filed a timely notice of appeal on March 24, 2025.

## Assignments of Error and Analysis

### I.

**{¶ 6}** In his first of four assigned errors, Allen argues that his sentence is contrary to law because the trial court "failed to previously reserve the term of incarceration it imposed on March 17, 2025" at both his sentencings on February 9, 2023, or when it placed him back on community control on August 9, 2024, as required by R.C. 2929.19(B)(4). According to Allen, the court "forfeited the right to impose a sentence of incarceration." He seeks resentencing "with instructions that sentencing be done without the possibility of incarceration." Citing R.C. 2929.19(B)(5), the State responds that "Allen was, on multiple occasions, informed of the specific prison term he was facing upon violating community control," and that the February 9, 2023 judgment entry of conviction was clear on that point.

**{¶ 7}** When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.). Under this standard, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "'clearly and convincingly' finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *Id*.

**{¶ 8}** R.C. 2929.19(B)(4) states:

If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the

6

sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for the violation, which shall be the range of prison terms for the offense that is specified pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

{¶ 9} "Compliance with R.C. 2929.19(B)(4) is a prerequisite to imposing a prison term for a community control violation." *State v. Clinton*, 2022-Ohio-717, ¶ 14 (2d Dist.), citing *State v. Howard*, 2020-Ohio-717, ¶ 13, citing *State v. Brooks*, 2004-Ohio-4746, ¶ 29. "The requirement of a statutorily defined notification upon sentencing of an offender to a community-control sanction is not satisfied by notification given in the trial court's journal entry issued after sentencing." *State v. Hatfield*, 2005-Ohio-6259, ¶ 8 (2d Dist.), citing *Brooks* at ¶ 17-18.

{¶ 10} R.C. 2929.19 was amended, effective September 30, 2011, and former R.C. 2929.19(B)(5) then became R.C. 2929.19(B)(4). 2011 Am.Sub.H.B. No. 86 (effective Sept. 30, 2011). Further, R.C. 2929.19(B)(4) was amended, effective September 30, 2021. 2021 Am.Sub.H.B. No. 110 (effective September 30, 2021). Former R.C. 2929.19(B)(4) required the court to "indicate the specific prison term that may be imposed as a sanction for the violation," while the current version requires the court to indicate "the range from which the prison term may be imposed as a sanction for the violation."

{¶ 11} To the extent that Allen is raising errors from the imposition of sentences on February 9, 2023, and August 9, 2024, his arguments are barred by res judicata. "Under the

doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). Allen did not raise the issue of the trial court's alleged failure to comply with R.C. 2929.14(B)(4) in his prior appeals.

{¶ 12} Even if the argument were not barred, Allen has not fulfilled his duty under App.R. 9(B) to provide transcripts of the proceedings to which he directs our attention. Our appellate file does not contain disposition transcripts from either February 9, 2023, or August 9, 2024. In the absence of a transcript, we must presume regularity in the proceedings before the trial court. *State v. Hudson*, 2018-Ohio-4880, ¶ 17 (2d Dist.), citing *State v. Kreuzer*, 1999 WL 959206 (2d Dist. Aug. 6, 1999); *State v. Miller,* 2014-Ohio-4508, ¶ 26 (2d Dist.). Therefore, Allen's argument that the trial court failed to comply with R.C. 2929.19(B)(4) is without merit, and Allen's first assignment of error is overruled.

II.

{¶ 13} In his second assignment of error, Allen argues that the imposition of consecutive sentences was contrary to law "because the trial court failed to advise Allen that consecutive sentences could be imposed at his original sentencings on all three cases." He directs our attention to *State v. Jones*, 2022-Ohio-4485. The State responds that Allen was "aware of the punishment he would receive" and that R.C. 2929.15(B)(3) did not require the trial court to inform him of the possibility of consecutive sentences.

{¶ 14} R.C. 2929.15(B)(3) states: "The prison term, if any, imposed on a violator pursuant to this division and division (B)(1) of this section shall be within the range of prison terms described in this division and shall not exceed a prison term from the range of terms

8

specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(4) of section 2929.19 of the Revised Code." A "trial court may not impose a consecutive prison sentence on revocation if it did not previously notify the offender that the reserved prison term (whether the notice is of a 'specific prison term' under the former version of R.C. 2929.19(B)(4) or a 'range of prison terms' under the current version of R.C. 2929.19(B)(4)) could be imposed as a consecutive sentence." *Jones* at ¶ 17. This is because the court "cannot exceed the prison term (or range of prison terms) previously specified." *Id.*, citing R.C. 2929.15(B)(3).

{¶ 15} Again, res judicata applies to Allen's argument, and in the absence of relevant transcripts, we must presume regularity of the proceedings before the trial court. Accordingly, Allen's second assignment of error lacks merit, and it is overruled.

III.

{¶ 16} In his third assignment of error, Allen argues that the trial court abused its discretion in finding that he violated the terms of his community control in Clark C.P. No. 2022-CR-547A when "there was no evidence of any conduct related to the protected person in that case." Allen asserts that at the hearing on February 18, 2025, the court heard evidence that he posted information on Facebook regarding M.A., but there was no evidence that he "took action against the protected person in case number 547A." The State responds that at the February 18, 2025 hearing, Henry testified that Allen violated Condition 2 of his community control sanctions when he failed to notify Henry of his move to Columbus and receive permission for it, and that the violation is reflected in the February 20, 2025 judgment entry. According to the State, "the violation of condition #2 is independent from Allen's repeated harassment of M.A." In reply, Allen asserts that the violation was merely technical in nature and did not justify incarceration, and there is "no evidence of a non-technical

9

violation in case number 597A, i.e. threats or harassment directed towards the victim, V.D."

{¶ 17} The transcript of the February 18, 2025 community control violation hearing is part of our file. Henry testified that he was initially assigned to Allen's case on February 9, 2023, and reassigned on August 9, 2024. Henry stated that Allen was ordered to have no contact with M.A. and to abstain from posting on any media about her or her employment or from making derogatory statements about her. Allen was also required to provide prior notice of an intent to move and obtain permission. Henry identified an email that he sent to the prosecutor in response to Allen's failure to report as scheduled on December 19, 2024, at 10:30 a.m. Attached to that email was a December 26, 2024 email from Allen to Henry stating that he had moved to Columbus and obtained a job. Henry also testified that he had received forwarded screenshots of derogatory posts made by Allen regarding M.A., and that the purpose of the meeting scheduled for December 19, 2024, was to discuss those violations.

{¶ 18} "When an offender placed on community control sanctions violates a condition of that community control, 'R.C. 2929.15(B) provides the trial court a great deal of latitude in sentencing the offender.'" *State v. Helton*, 2025-Ohio-1945, ¶ 15 (2d Dist.), quoting *Brooks,* 2004-Ohio-4746, at ¶ 20. "If an offender is placed on community control sanctions for a felony of the fifth degree, a trial court may impose a prison term as a penalty for a community control violation, but the amount of prison time that the court may impose for a "technical violation" is limited to 90 days." *Id.,* citing R.C. 2929.15(B)(1)(c)(i).

{¶ 19} In *State v. Nelson*, 2020-Ohio-3690, the Ohio Supreme Court explained that an offender commits a technical violation if the condition violated was "akin to an 'administrative requirement facilitating community control supervision.'" *Id.* at ¶ 26, quoting *State v. Davis*, 2028-Ohio-2672, ¶ 18 (2d Dist.). *Nelson* further clarified that "a violation is

10

'nontechnical' if, considering the totality of the circumstances, the violation concerns a condition of community control that was 'specifically tailored to address' matters related to the defendant's misconduct or if it can be deemed a 'substantive rehabilitative requirement which addressed a significant factor contributing to' the defendant's misconduct." *Id*., quoting *Davis* at ¶ 17, 18.

{¶ 20} R.C. 2929.15(E) states:

As used in this section, "technical violation" means a violation of the conditions of a community control sanction imposed for a felony of the fifth degree, or for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense, and to which neither of the following applies:

(1) The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.

(2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

{¶ 21} The requirement to obtain approval before relocating served multiple substantive purposes. It ensured that the probation department could maintain supervision, allowed the court to assess whether the new location was appropriate given Allen's circumstances, and prevented Allen from evading supervision. These purposes extended beyond administrative convenience and addressed the fundamental ability to supervise and rehabilitate Allen. His relocation without approval constituted a nontechnical violation

because it went beyond mere administrative compliance. In other words, the condition requiring Allen to maintain contact with his supervising officer and remain within the court's jurisdiction were substantive rehabilitative requirements rather than administrative formalities. In moving to Columbus, Allen showed failure to comply with supervision requirements that were essential to the community control sanction's rehabilitative purpose. Meeting the criteria of R.C. 2929.15(E)(2), Allen's relocation to Columbus without the required prior approval showed a refusal to participate in the sanction imposed and demonstrated that he had abandoned the objects of the community control sanctions. Allen's refusal to appear as required on December 19, 2024, to specifically discuss his ongoing harassment of M.A. supports this conclusion. We agree with the State that the violation of the relocation requirement is independent of Allen's harassment of M.A. and subjected him to revocation and incarceration. Allen's third assignment of error is overruled.

IV.

{¶ 22} In his fourth assignment of error, Allen asserts that the court erred in overruling his motion to continue the community control violation hearing on February 18, 2025. The State responds that an abuse of discretion is not demonstrated.

{¶ 23} A trial court has broad discretion in granting or denying a motion for continuance. *State v. Unger*, 67 Ohio St. 2d 65, 67 (1981). In evaluating a motion for a continuance, a court should consider several factors, including "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *Id.* at

12

67-68, citing *United States v. Burton*, 584 F.2d 485 (D.C.Cir. 1978); *Giacalone v. Lucas*, 445 F.2d 1238 (6th Cir. 1971).

{¶ 24} We will not reverse the denial of a continuance unless there has been an abuse of discretion. *Unger* at 67. An abuse of discretion requires a finding that the trial court's action was unreasonable, arbitrary, or unconscionable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St. 3d 157, 161 (1990).

{¶ 25} At the start of the February 18, 2025 hearing, the court noted that defense counsel filed a "motion to stay community control conditions pending appeal [from the denial of the petition for postconviction relief], and then a motion to stay or continue with this court." Defense counsel advised the court that he was "new to the case," and that "it [did] seem to be somewhat unusual as probation violation cases go." Counsel noted that there was a "lot of material to review also since the case [was] pending before the Court of Appeals on these issues." Counsel further argued that he needed "more time to review the voluminous amount of material." Counsel stated, "I would ask for a continuance but I would actually prefer that it be stayed pending a result of the Court of Appeals ruling on the briefs of the parties." According to defense counsel, the motions to stay and continue were not filed at the request of Allen, but counsel himself "felt that would be appropriate." On August 8, 2025, this court affirmed the denial of Allen's petition for postconviction relief. *State v. Allen*, 2025-Ohio-2789 (2d Dist.).[1]

{¶ 26} The court indicated that Allen, acting pro se, filed a motion to stay proceedings "several weeks ago" and that it did not consider the motion because Allen was represented

---

[1] "Once an appeal is taken to the Court of Appeals, the trial court retains all jurisdiction not inconsistent with that of the Court of Appeals to review, affirm, modify or reverse the final judgment from which the appeal has been perfected." *State v. Gibbs*, 1983 WL 2546 (2d Dist. Nov. 18, 1983).

13

by counsel. The court noted that defense counsel had been on the case "for a couple of weeks," and that it was not suggesting that defense counsel was "trying to delay the proceedings for any unreasonable purpose." It was significant to the court that the matter had already been delayed "multiple times" by three affidavits of disqualification filed by Allen against the court.

{¶ 27} The court stated that the hearing was originally scheduled for February 4, 2025, but that it was continued on that date to allow prior defense counsel to withdraw. The court further indicated that the probation department filed its amended affidavit that was the subject of the proceedings on December 19, 2024, two months earlier.

{¶ 28} The court observed that though the State had requested a significant bond, it had released Allen on his own recognizance. But "to compromise," the court stated that it "set the hearing rather quickly," and it had already been continued once. The court indicated that there "is no Constitutional right to have the execution of [one's] sentence stayed pending appeal in a reviewing court," and that a court's decision on a motion to stay "should be disturbed only when there is a patent abuse of discretion."

{¶ 29} Finally, the court stated, "this really isn't a complicated situation. The question is whether the Defendant violated conditions of his community control." It was significant to the trial court that although this court found a portion of the conditions previously imposed to be "overbroad," this court "essentially drafted the new conditions and said that, as modified, they don't see any Constitutional problem with the conditions." For these reasons, the court denied the motions to stay and to continue.

{¶ 30} We see no abuse of discretion in the denial of the motion to continue. While this case has a lengthy and tortured procedural history, as the court observed, the issues before it were simple: did Allen violate the conditions of his community control as narrowed

14

and implemented by the trial court? Defense counsel had been on the case for two weeks, and Allen was alleged to have committed specific violations. Henry's amended affidavit stated that Allen continued to post negative and derogatory comments about M.A. on social media and reported that he would never stop doing so. The affidavit also maintained that Allen had failed to notify his supervising officer of his new residence prior to moving. The affidavit stated that Allen violated Rules 2, 5, 12(e), and 12(f).

{¶ 31} The matter had already been delayed and continued, and it would have been inconvenient for the State, Henry, and the court to impose yet another delay. While defense counsel indicated that the requested continuance was his idea alone, Allen contributed to multiple past delays. Under the unique facts of this case, the trial court did not abuse its discretion in denying the request for a continuance, and Allen's fourth assignment of error is overruled.

### Conclusion

{¶ 32}  Allen's arguments that the trial court failed to comply with R.C. 2929.19(B)(4) and 2929.15(B)(3) at disposition are barred by res judicata, and even if res judicata did not apply, in the absence of a transcript of his disposition hearings, we presume regularity. Allen's violation of the relocation requirement of his community control sanctions was nontechnical. Finally, the trial court did not abuse its discretion in denying Allen's motion for a continuance.

{¶ 33} Having overruled Allen's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.

15