OPINION
{¶ 1} Defendant, Samuel Snyder, appeals from the trial court'sjudgment dismissing his petition for post-conviction reliefwithout a hearing.
 {¶ 2} Defendant was indicted in 1999 on fifteen counts ofvarious sex offenses involving minors. Pursuant to a negotiatedplea agreement, Defendant entered pleas of guilty to four countsof rape in exchange for a dismissal of the eleven remainingcharges. The trial court sentenced Defendant to consecutiveprison terms of six years on each count, for a total oftwenty-four years. On direct appeal we affirmed Defendant'sconviction and sentence. State v. Snyder (Dec. 14, 2001), ClarkApp. No. 00CA33, 2001-Ohio-7003.
 {¶ 3} While his appeal was pending, on October 18, 2000,Defendant filed a petition for post-conviction relief in thetrial court pursuant to R.C. 2953.21. Among his grounds forrelief, Defendant asserted that he was not mentally competent toenter knowing and voluntary guilty pleas due to his mentaldeficiencies and suicidal tendencies, and that his judgment wasimpaired by prescription drugs he was then taking for his mentalproblems. Defendant also claimed that his trial counsel performeddeficiently by failing to bring these matters to the attention ofthe trial court. On May 11, 2001, the trial court dismissedDefendant's post-conviction petition without a hearing, andwithout making any findings of fact or conclusions of law.
 {¶ 4} Defendant timely appealed to this court from thedismissal of his post conviction petition, but we dismissed theappeal for want of a final, appealable order due to the absenceof any findings of fact or conclusions of law in the trialcourt's May 11, 2001 dismissal entry. State v. Snyder (Oct. 12,2001), Clark App. No. 01CA36. Upon Defendant's motion forreconsideration of our October 12, 2001 decision, we ordered thetrial court to issue findings of fact and conclusions of law withrespect to its dismissal of Defendant's post-convictionpetition.
 {¶ 5} On March 28, 2002, the trial court once again issued adecision dismissing Defendant's post-conviction petition withouta hearing. This time the trial court made findings of fact andconclusions of law to support its dismissal. The trial courtconcluded that Defendant's claim for relief was refuted by therecord of the guilty plea proceeding, and was unsupported by anyoperative facts other than Defendant's own self-servingstatements made in his verified petition, which are legallyinsufficient to rebut the record of the guilty plea proceeding.Accordingly, the trial court held that Defendant had failed tomeet his burden of submitting evidentiary documents containingsufficient operative facts to demonstrate substantive grounds forrelief, and dismissed Defendant's petition without a hearing.
 {¶ 6} Defendant has again appealed to this court from thetrial court's dismissal of his post conviction petition.
 ASSIGNMENT OF ERROR {¶ 7} "The lower court committed reversible and prejudicialerror in failing to accord the petitioner a hearing on hispetition to vacate and/or set aside the sentence filed on October18, 2000 on the petitioner's claims of mental incompetency due tomental deficiencies and prescription drug impairment which madeit impossible for petitioner to knowingly, voluntarily, andintelligently waive his constitutional right and enter a plea ofguilty and the failure of defense counsel to inform the court ofthese deficiencies, suicide attempts, suicide ideation andoverdosing with said drugs made the representation of defensecounsel ineffective."
 {¶ 8} Defendant argues that the trial court committedreversible error in denying his petition for post-convictionrelief without holding a hearing.
 {¶ 9} R.C. 2953.21 provides for the procedures and standardsby which a convicted person may seek and obtain post-convictionrelief from his conviction and/or the sentence imposed thereon.The State, in its brief in reply, wholly misapprehends theapplicable law, pointing instead to the standards on which aCrim.R. 32.1 motion to withdraw a plea of guilty or no contest isdecided. The two proceedings are wholly different and involvedifferent legal standards.
 {¶ 10} R.C. 2953.21 imposes on a petitioner the initial burdento submit evidentiary documents containing sufficient operativefacts to demonstrate substantive grounds for relief that merit ahearing. State v. Jackson (1980), 64 Ohio St.2d 107, 111;State v. Kapper (1983), 5 Ohio St.3d 36, 38; State v. Pankey(1981), 68 Ohio St.2d 58, 59. A hearing is not required absent ashowing that substantive grounds for relief exist. State v.Moreland (Jan. 7, 2000), Montgomery App. No. 17557. Broadconclusory allegations are insufficient, as a matter of law, torequire a hearing. Id. A petitioner is not entitled to ahearing if his claim for relief is belied by the record and isunsupported by any operative facts other than Defendant's ownself-serving affidavit or statements in his petition, which arelegally insufficient to rebut the record on review. Kapper,supra; State v. Vanderpool (Feb. 12, 1999), Montgomery App. No.17318.
 {¶ 11} During the plea hearing, when the trial court askedDefendant if he was under the influence of alcohol, drugs, orprescription medications, Defendant replied "no sir." Defendantalso stated that he understood the charges, the penalties, andthe rights he was giving up by pleading guilty. Defendant assuredthe trial court that he had reviewed the plea form with hisattorney, that he understood everything in that form, and that hewas satisfied with his attorney's advice. Defendant alsoindicated that no one had threatened him to get him to plead, andother than what had been stated on the record no promises hadbeen made to him to induce his guilty pleas.
 {¶ 12} In his post-conviction petition Defendant claims thathe was not mentally competent to enter knowing, voluntary guiltypleas due to his psychological problems, including severedepression and suicidal tendencies, and his drug impaired mind;that as a result of his suicidal tendencies Defendant was underthe care of a psychiatrist while in jail awaiting trial; that asa result of his severe depression and suicidal tendenciesDefendant had been prescribed various drugs by his jail doctor,including Trazadone and Ambian; that the prosecutor and defensecounsel were aware of these matters; that defense counsel neverrequested a competency evaluation for Defendant; that Defendanthad "squirreled away" some of the drugs prescribed to him, andthat his judgment was impaired by those drugs which he took onthe very day he entered his guilty pleas; that Defendant has onlya hazy recollection of the plea proceeding and the questions thecourt asked him and the answers that he gave; and that defensecounsel advised Defendant to answer "yes" to all of the judge'squestions at the plea hearing.
 {¶ 13} An examination of Defendant's post-conviction petitionreveals that his claim for relief is not based upon broad,conclusory assertions, as is typically the case, but allegesparticular and detailed facts that portray a sequence of eventswhich, if true, arguably support Defendant's claim for relief.Furthermore, we think it is significant that Defendant's claim isnot based solely upon his own self-serving statements in hisverified petition concerning his condition. Kapper, supra.Defendant informed the trial court in his post-convictionpetition that his medical records from the Clark County jailwould support and corroborate his assertions in his petition.Thus, the trial court was put on notice that evidentiarydocuments were in the hands of the State which might arguablycorroborate Defendant's claim for relief. Defendant also claimedthat the Sheriff had denied Defendant's Public Records Actrequest for those medical records. Medical records are exemptfrom the Public Records Act. R.C. 149.43(A)(1)(a).
 {¶ 14} Given all of these facts and circumstances, it is notsufficient justification for denying Defendant a hearing on hispost-conviction claim to hold, as the trial court did, that thestatement Defendant made at the plea hearing, that he was notunder the influence of alcohol, drugs or prescription medicines,refutes his claim. The very nature of Defendant's claim is thatthe representations he made to the trial court at the pleahearing were unreliable because he did not know what he was doingdue to being under the influence of drugs prescribed for him bythe jail doctor for his psychological/mental problems, and wascoached by his counsel on how to answer the trial court'squestions at the plea hearing.
 {¶ 15} With respect to the evidentiary documents pertaining toDefendant's claim, his medical records from the Clark County jailwhich he maintains would corroborate his claim for relief, webelieve that it is a misapplication of the law to dismissDefendant's petition without a hearing because Defendant failedto submit such evidentiary documents in order to demonstratesubstantive grounds for relief. Defendant claims that theevidentiary documents which he must submit to meet his burden ofproof and demonstrate grounds for relief are in the sole custodyand control of the State and its agent, the Clark County Sheriff,who has refused to provide those records to Defendant. Thosecircumstances set up a barrier making it impossible for Defendantto meet his burden of proof under Jackson and its progeny.Consistent with due process, Defendant must be afforded a fairand reasonable opportunity to comply with the law's requirements.Thus, an evidentiary hearing is necessary in this case. At thathearing, Defendant must be given the opportunity to subpoena themedical records which he alleges will corroborate his claim anddemonstrate substantive grounds for post-conviction relief.
 {¶ 16} On the facts of this case, we find that the trial courtabused its discretion in dismissing Defendant's petition withouta hearing, and its judgment will be reversed and this matterremanded back to that court for an evidentiary hearing consistentwith this opinion.
 {¶ 17} The assignment of error is well taken and is hereby sustained.
Brogan, J. and Young, J., concur.