OPINION
{¶ 1} Lamar Lenoir appeals from the trial court's denial of his R.C. 2953.21 petition for post-conviction relief. In his sole assignment of error, Lenoir contends the trial court erred in denying the petition without first conducting an evidentiary hearing.
 {¶ 2} A jury convicted Lenoir of murder in 2006. The conviction was based on a shooting that occurred immediately after an altercation at an area restaurant. We *Page 2 
affirmed the conviction on direct appeal in State v. Lenoir, Montgomery App. No. 22239, 2008-Ohio-1984. On June 21, 2007, Lenoir moved for post-conviction relief and requested an evidentiary hearing. Based on its review of the record, the trial court held that he had failed to submit evidentiary documents containing sufficient operative facts to show a lack of competent counsel and resulting prejudice. It denied the petition without a hearing on August 4, 2008.
 {¶ 3} On appeal, Lenoir contends his petition alleged instances of ineffective assistance of trial counsel that required a hearing to resolve. The only evidentiary support for Lenoir's petition was his own affidavit. For purposes of appeal, he focuses on the following allegations found in paragraphs three, four, eleven, and twelve of the affidavit:
 {¶ 4} "3. I presented my attorney with a lot of information to establish my innocence, but she did not use or pursue it;
 {¶ 5} "4. I presented my attorney with eighteen material witnesses, but she refused to call any to testify;
 {¶ 6} "* * *
 {¶ 7} "11. I explicitly told my attorney that I wanted to present a defense and not argue reasonable doubt, but she refused;
 {¶ 8} "12. My attorney failed to have Larry Dehus perform all the independent scientific testing of the physical evidence that I requested to establish things like the distance of the shooter and trajectory."
 {¶ 9} Lenoir argues that the foregoing allegations raised substantive grounds for relief and involved factual issues outside the record. Even if his allegations were *Page 3 
conclusory, Lenoir claims he was entitled to a hearing to flesh them out.
 {¶ 10} Under R.C. 2953.21, "a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing." State v. Calhoun,86 Ohio St.3d 279, 282, 1999-Ohio-102, citing State v. Cole (1982), 2 Ohio St.3d 112. First, the trial court must determine whether there are substantive grounds for relief, i.e., "whether there are grounds to believe that `there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.'" Id. at 283, quoting R.C. 2953.21(A)(1). In making this determination, the court "shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized record of the clerk of the court, and the court reporter's transcript." R .C. 2953.21(C).
 {¶ 11} The post-conviction relief statute imposes on a petitioner "the initial burden to submit evidentiary documents containing operative facts sufficient to demonstrate substantive grounds for relief that merit a hearing." State v. Gapen, Montgomery App. No. 20454,2005-Ohio-441, ¶ 21. "Broad conclusory allegations are insufficient, as a matter of law, to require a hearing." Id. Additionally, where the allegations in an affidavit, even if true, do not demonstrate a constitutional violation, no hearing is required. Calhoun,86 Ohio St.3d at 284. To obtain a hearing, a defendant must demonstrate prejudicial error. Id. at 283.
 {¶ 12} With the foregoing standards in mind, we conclude that the trial court did not err in denying Lenoir's petition without an evidentiary hearing. The allegations in *Page 4 
paragraphs three, four, and eleven of his affidavit are too conclusory to warrant a hearing. Indeed, they are virtually devoid of operative facts. Lenoir asserts that he gave his attorney "a lot of information to establish [his] innocence." His affidavit fails to identify any of this information, however, or explain how it would have shown his innocence. He also asserts that he provided his attorney "with eighteen material witnesses." His affidavit fails to identify who these witnesses are or what they would have said if called to testify. Lenoir next contends his attorney refused to "present a defense" that he wanted. His affidavit fails to identify this defense or set forth any factual basis for it.
 {¶ 13} Finally, Lenoir contends his attorney failed to obtain requested "independent scientific testing of the physical evidence * * * to establish things like the distance of the shooter and trajectory." Although this allegation is more specific than his others, it too fails to merit an evidentiary hearing. Even accepting Lenoir's allegation as true, the trial court found no reason to believe that additional testing would have aided his defense. The State's theory at trial was that Lenoir stepped out of a vehicle driven by Stanley Williams and shot the victim, Patty Davis, in the back following a fight at a Frisch's restaurant. The State's evidence included testimony from two eyewitnesses who knew Lenoir and Lenoir's own admission to a third witness. In light of this evidence, the trial court reasonably found that Lenoir had not shown prejudice arising from the lack of scientific testing about the distance of the shooter and trajectory of the fatal bullet.
 {¶ 14} Based on the reasoning set forth above, we overrule Lenoir's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
FAIN and GRADY, JJ., concur. *Page 1