[Cite as *State v. Overman*, **2013-Ohio-37.**]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

     Plaintiff-Appellee                      :            C.A. CASE NO.   2012 CA 39

v.                                               :            T.C. NO.    09CR218

JASON OVERMAN                                    :            (Criminal appeal from
                                                              Common Pleas Court)

     Defendant-Appellant                     :

                                                 :

. . . . . . . . . .

# O P I N I O N

Rendered on the ___11th___ day of ___January___, 2013.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

DAVID M. MORRISON, Atty. Reg. No. 0087487, 31 West Franklin Street, Dayton, Ohio 45459
     Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

     **{¶ 1}** Jason M. Overman appeals from a judgment of the Clark County

Court of Common Pleas, which denied his petition for post-conviction relief and motion to vacate his guilty plea. For the following reasons, the judgment of the trial court will be affirmed.

**{¶ 2}** On March 9, 2009, Overman was indicted on one count of felonious assault and two counts of child endangering after an infant in his care suffered serious burns to her hand; each count of child endangering included a specification that the child had suffered serious physical harm. On January 8, 2010, pursuant to a plea agreement, Overman pled guilty to one count of child endangering, with a specification that the child suffered serious physical harm, a felony of the second degree. The other charges were dismissed. The plea did not include any recommendation as to the sentence. On February 8, 2010, after a presentence investigation, Overman was sentenced to eight years of imprisonment, the maximum allowable sentence.

**{¶ 3}** Overman appealed from his conviction, arguing that the trial court erred in imposing the maximum sentence. We affirmed the trial court's judgment. *State v. Overman*, 2d Dist. Clark No. 10-CA-21, 2010-Ohio-6486.

**{¶ 4}** In September 2010, Overman filed a petition for post-conviction relief and a motion to vacate his guilty plea, and he requested a hearing. The trial court denied the petition and motion without a hearing. Overman appeals from the trial court's judgment, raising one assignment of error.

**{¶ 5}** Overman's assignment of error states:

The trial court abused its discretion in finding that Appellant's guilty plea was knowing, voluntary and intelligent without holding an evidentiary

hearing.

{¶ 6} Overman claims that a manifest injustice occurred in his case which warranted the setting aside of his conviction.

{¶ 7} In his affidavit in support of his petition and motion, Overman asserted that 1) he "understood [he] would likely get probation if [he] entered a plea," 2) he told his attorney that the victim's injury had been an accident and that he would not enter a plea to having intentionally hurt the child, and 3) there was evidence to support his claim that the victim's injuries were accidental "which was never presented at the sentencing." Overman's father also submitted an affidavit stating that, at the plea hearing, he believed Overman was "enter[ing] a plea to probation." Additionally, Overman and his father asserted in their affidavits that they believed a "background check" was being completed on Overman prior to sentencing, but that such a background check was not, in fact, performed. For these reasons, Overman claims that his plea was not knowingly, intelligently, and voluntarily entered.

{¶ 8} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief." R.C. 2953.21(A)(1)(a). Before granting a hearing on a petition for post-conviction relief, "the court shall determine whether

there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(C).

{¶ 9}    The trial court is not required to conduct a hearing whenever a petition for post-conviction relief is filed. *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982); *State v. Perkins,* 2d Dist. Montgomery No. 24397, 2011-Ohio-5070, ¶ 15, citing *State v. Calhoun*, 86 Ohio St.3d 279, 282-283, 714 N.E.2d 905 (1999); *State v. Metcalf*, 2d Dist. Montgomery No. 22367, 2008-Ohio-4535, ¶ 9-10.   Instead, before granting an evidentiary hearing, the trial court must determine whether there are substantive grounds for relief. *Calhoun* at 282-283.   "The pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of this cause."   *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980).

{¶ 10}    Affidavits which are conclusory or self-serving, without more, will not satisfy the petitioner's evidentiary burden.   *State v. Pierce*, 127 Ohio App.3d 578, 586, 713 N.E.2d 498 (11th Dist.1998).   "Broad conclusory allegations are insufficient, as a matter of law, to require a hearing.   A petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than Defendant's own self-serving affidavit or statements in his petition, which are legally insufficient to rebut the record on review."   (Internal citations omitted). *State v. Snyder*, 2d Dist. Clark No.

03CA0067, 2004-Ohio-4265, ¶ 10  *See also State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983*);  State v. Pankey*, 68 Ohio St.2d 58, 59, 428 N.E.2d 413 (1981).

{¶ 11}  On appeal from a trial court's determination on a petition for post-conviction relief, an appellate court reviews for an abuse of discretion. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45.   An abuse of discretion means "that the court's attitude is unreasonable, arbitrary or unconscionable."  *State v. Adams*, 62 Ohio St .2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 12}  As with a petition for post-conviction relief, a Crim.R. 32.1 motion to withdraw a guilty plea after sentencing should be granted only to correct a manifest injustice.  *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).   A hearing on such a motion is required only if the facts alleged by the defendant, if accepted as true, would require the plea to be withdrawn.   *State v. McComb*, 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, ¶ 19.   The motion is directed to the sound discretion of the trial court, which assesses the good faith, credibility and weight of the movant's assertion in support of the motion.   *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). The standard is designed to prevent a defendant from pleading guilty in order to test the potential punishment, and then withdrawing the plea if the punishment is not what he had hoped.   *Id*., citing *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir.1963). A trial court's ruling on a motion to withdraw a guilty plea is also reviewed for an abuse of discretion.   *State v. Barnett*, 73 Ohio St.3d 244, 596 N.E.2d 1101 (1991).

{¶ 13}  Overman was charged with endangering a child under 18 years of age by means of abusing the child and creating a substantial risk to the child's health or safety, in

violation of R.C. 2919.22(B)(1). Although a mental state is not specified in the child endangering statute, the Ohio Supreme Court has stated that the appropriate mental state under R.C. 2919.22(B) is recklessness. *Adams,* 62 Ohio St.2d at 153.

{¶ 14} The record of the plea and sentencing hearings contradicts the suggestion in Overman's and his father's affidavits that he was led to believe he would be placed on probation and that the completion of a background check was part of the agreement. Neither condition was mentioned at the hearings, and Overman expressly stated that he had not been promised anything in addition to what was read into the record. Moreover, although the affidavits refer to the background check, neither affidavit states if or how an investigation would have benefitted Overman or how it would have differed from a presentence investigation, which was conducted. The affidavits also allude to evidence "that this was an accident," but such evidence was not presented at sentencing and the affidavits offer no indication of what this evidence might be.

{¶ 15} The trial court's judgment reflects a careful and detailed review of the prior proceedings. In denying Overman's petition for post-conviction relief and motion to vacate his plea, the trial court noted that, at the plea hearing, Overman had been informed of the possible maximum sentence of eight years, which Overman indicated that he understood. The court also asked Overman if any promises had been made to him which had not been placed on the record, and Overman answered in the negative. At the plea hearing, the court read the elements of the offense to Overman, including the element of recklessness. According to the trial court, "[t]here was no mention as to the sentence, except as to the maximum possible sentence during the plea. The defendant indicated that no such

assurance had been given to him when he confirmed that not [sic] other promises had been made to him except what was on the plea form and placed on the record that day." The plea agreement provided that the other charges would be dismissed and that a presentence investigation would be conducted, but it made no reference to any other "background check".

{¶ 16} In its decision, the trial court correctly observed that Overman was told that a plea to child endangering was an admission of recklessness. Even defense counsel referred to Overman's "reckless * * * activity" on the day of the offense. Despite the admission of recklessness and Overman's numerous previous inconsistent explanations of the events surrounding the child's injury, Overman repeated at sentencing his claim that the submersion of the child's arm in boiling water had been an accident. The trial court stated that it found Overman and his account of the events lacking in credibility, since he had given different "accident" scenarios in his initial statements to the police. The court also noted that the medical evidence contained in the presentence investigation was inconsistent with an accident. We note that, even now, Overman's affidavit fails to specify any evidence outside the record supporting the "accident" scenario.

{¶ 17} The trial court also noted that the record refuted Overman's claim that he had been promised a background check, because he stated on the record that the dismissal of the other charges and the preparation of a presentence investigation were all that had been promised to him in exchange for his plea.

{¶ 18} Like the trial court, we have carefully reviewed the transcript of the plea and sentencing hearings, the affidavits offered in support of Overman's petition and motion,

and other items contained in the record. The trial court did not abuse its discretion in concluding that the record refutes Overman's claims that he did not understand the nature of his plea, i.e., that he was admitting to more than an accident, and that he had been assured of probation or a background investigation other than the presentence investigation. As such, the trial court did not abuse its discretion in denying Overman's petition for post-conviction relief and motion to vacate his guilty plea without a hearing.

{¶ 19} The assignment of error is overruled.

{¶ 20} The judgment of the trial court will be affirmed.. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Lisa M. Fannin
David M. Morrison
Hon. Richard J. O'Neill