**[Cite as *State v. Allen*, 2024-Ohio-2549.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. Nos. 2023-CA-52; 2023-CA-65 |
| | : | |
| v. | : | Trial Court Case Nos. 22-CR-0508; |
| | : | 22-CR-0680; 22-CR-0547(A) |
| RYAN ALLEN | : | |
| | : | (Criminal Appeal from Common Pleas |
| Appellant | : | Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 3, 2024

. . . . . . . . . . .

MAXWELL B. NEWSOME, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} These consolidated cases are before us on Defendant-Appellant Ryan Allen's appeal from the trial court's judgments revoking his community control sanctions and sentencing him to prison.

{¶ 2} On appeal, Allen argues that the trial court abused its discretion by finding

that he violated community control because there was insufficient evidence. He also argues that the trial court abused its discretion when it sustained an objection to the introduction of defense evidence asserting that the State's witness was prejudiced against him and lacked credibility, which denied Allen the opportunity to cross-examine the witness on these issues. He also asserts that the trial court erred by relying on new information introduced after allocution. Finally, he alleges that he received ineffective assistance of trial counsel.

{¶ 3} We conclude that, given our prior finding that certain special conditions of community control imposed by the trial court were unreasonably overbroad *after* the trial court applied those sanctions to the revocation of Allen's community control sanctions, we must reverse the trial court's judgments and remand for the trial court to apply the narrowed sanctions to Allen's alleged community control violations. As such, we need not determine the merits of Allen's remaining arguments. Accordingly, the trial court's judgments are reversed, and the cases will be remanded to the trial court for further consideration.

## I. Facts and Procedural History

{¶ 4} In 2022, Allen was charged by indictment for violations of a protection order in two separate cases. The charges alleged that he had violated a protection order by contacting his ex-wife's employer through email. The protection order defined "contact" to include communication by telephone, text messaging, email, voice mail, and other forms of communication and prohibited Allen from engaging in such contact directly or through another person. Allen had consented to the terms of the protection order and had

signed it.

{¶ 5} On January 19, 2023, a jury found Allen guilty of both charges at a consolidated trial. On February 9, 2023, the trial court sentenced Allen on each count to community control sanctions, with special sanctions, for a term of five years, a jail term of six days with jail time credit, and 12 months of incarceration, which was suspended. Allen later entered a no contest plea in a third case for a violation of the protection order; he was also sentenced to community control in that case, which required his compliance with the community control sanctions set forth in the prior two cases.

{¶ 6} Allen appealed his January 2023 convictions and asserted several assignments of error, including that the trial court had abused its discretion when it imposed certain special conditions of community control. The special conditions at issue obligated Allen to: engage in no contact, directly or indirectly, with his ex-wife; abstain from posting on social media; abstain from communicating with any media; and abstain from saying anything derogatory about the victim (his ex-wife) or the Clark County Sheriff's Office. In an October 6, 2023 opinion, we agreed with some of Allen's arguments and concluded that some of the conditions of community control imposed by the trial court were unreasonably overbroad. *State v. Allen*, 2d Dist. Clark No. 2023-CA-6, 2023-Ohio-3655 (*Allen I*). We remanded the cases to the trial court for it to impose narrowed special conditions.

{¶ 7} However, before our opinion in *Allen I* was issued, Steven Henry, Allen's probation officer, filed community control violations against Allen, alleging three separate violations. First, according to Henry, Allen violated his community control sanctions when

he was heard during a jail telephone conversation encouraging his sister to contact the media or utilize social media by saying, "If anybody wants to start telling the story, they can. However they want to tell it, if you catch my drift. I think a little public outcry might be a thing." Second, Henry alleged that Allen had shown a video of his ex-wife disciplining their to his daughter. Finally, Henry alleged that Allen had filed an FBI report alleging that his ex-wife was harassing him by having Beth Hollingsworth, a deputy for the Clark County Dog Warden, surveille him to obtain information for her. These three violations were filed in all three of the foregoing cases, constituting three separate violations per case.

{¶ 8} A revocation hearing was held on July 31, 2023. After considering the evidence presented at the hearing, the trial court found that Allen had violated the special conditions of his community control sanctions. For the first violation, the court found that Allen had violated the special condition that he abstain from using social, conventional, or any other media or, in this case, soliciting another (his sister) to do so on his behalf. For the second violation, the court found that the video that Allen had allegedly shown his daughter was not presented at the hearing, and therefore there was insufficient evidence to warrant a finding that he had violated his community control on that basis. For the third violation, the court found that Allen had violated the special condition that he stop, move on, leave his ex-wife alone, abstain from saying anything derogatory about his ex-wife, and cease and desist from any further harassment of his ex-wife when he filed a report with the FBI after witnessing Hollingsworth, while in uniform in her county vehicle, photograph his car outside his residence.

**{¶ 9}** On September 14, 2023, the trial court terminated Allen's community control and sentenced him to 12 months in prison in each of the three cases, with the sentences to run consecutively for a total sentence of 36 months. Allen now appeals the trial court's judgments revoking his community control sanctions and sentencing him to prison.

## II.      Assignments of Error

**{¶ 10}** Allen's first assignment of error states:

THE SPECIAL CONDITIONS OF COMMUNITY CONTROL WERE UNREASONABLY OVERBROAD.

**{¶ 11}** In his prior appeal, Allen argued that the special conditions of his community control sanctions were unreasonably overbroad, and we partially agreed. In *Allen I,* 2d Dist. Clark No. 2023-CA-6, 2023-Ohio-3655, we concluded that the trial court's total prohibition on Allen's posting anything on social media was overbroad and that the goals of community control could be served by imposing an alternative restriction prohibiting Allen from posting anything on social media *related to his ex-wife or the sheriff's office's employment relationship with her*. We reached the same conclusion regarding the trial court's prohibition on Allen's communicating with the media, concluding that the ends of community control could be served by an alternative restriction again *prohibiting him from communicating with the media for anything related to his ex-wife or the sheriff's office's employment relationship with her.*   Finally, we found that the trial court's prohibition on Allen's saying anything about his ex-wife or the sheriff's office was overbroad and that the ends of community control could be served by a restriction *prohibiting him from publicly saying anything derogatory about his ex-wife or her employer.*

{¶ 12} However, as noted, before we issued our opinion in *Allen I*, Allen's probation officer filed an affidavit alleging three community control violations against Allen. Following Allen's revocation hearing, the trial court rendered a decision in which it apparently applied at least some of the special conditions of Allen's community control that we later found to be overbroad.

{¶ 13} With respect to the first alleged violation, the State played a recorded jail call between Allen and his sister in which Allen made the following statement: "If anybody wants to start telling the story, they can. However they want to tell it, if you catch my drift. I think a little public outcry might be a thing." The State argued that Allen had violated community control by making this statement because one of the conditions of his community control was that he abstain from posting on social media and from otherwise communicating with any media. The State argued that Allen had solicited his sister to post on social media or communicate with other media to arouse public outcry over his situation. In turn, Allen argued that he had not violated community control by making this statement because he had not expressly stated that he wanted his sister to effectuate an objective of communicating through social or conventional media. The trial court agreed with the State, noting that although Allen had not specifically requested that his sister communicate with social or conventional media about his story, any reasonable person would have interpreted his statement as a prompt for his sister and others to spread his story to "fuel the fire and fan the flames, knowing it would harass his ex-wife." The trial court concluded that Allen had violated the condition of community control that he abstain from using social, conventional, or any other media or, in this case, from soliciting another

to do so on his behalf.

{¶ 14} With respect to Allen's second violation, the State asserted that Allen had shown his six-year-old daughter a video with the intent of demeaning his ex-wife, but no video was shown at the hearing. The trial court found that the evidence presented at the hearing was not sufficient to warrant a finding that Allen had violated community control on this basis.

{¶ 15} Finally, with respect to Allen's third violation, the State set forth evidence that Allen had filed a report with the FBI specifically referencing his ex-wife and her employment situation, as prohibited under his community control sanctions; the report had alleged that his ex-wife, a deputy with the Clark County Sheriff's Department, and Beth Hollingsworth, a dog warden for Clark County, had harassed him, because Allen saw Hollingsworth, while in uniform in her work vehicle, take a photograph of Allen's vehicle outside of his residence. The trial court found that, by filing this report with the FBI, Allen violated the condition of his community control requiring him to "stop," to "leave her alone," to "move on," to "abstain from saying anything derogatory about the victim," and to cease and desist from any further harassment of the victim.

{¶ 16} With respect to the violations found, Allen argues that the trial court erred in revoking his community control because the court applied the overbroad conditions that we reversed in *Allen I*. In response, the State contends that the modified special conditions of community control still allowed for a violation to be found.

{¶ 17} Based on our review, it is not clear from the record that the trial court's reasoning in finding that Allen had violated certain terms and conditions of his community

control sanctions aligned with our subsequent ruling that some of the conditions of community control were unreasonably overbroad. We note that Allen's community control sanctions were revoked on September 14, 2023, and our decision narrowing the special conditions of community control was issued on October 6, 2023. Under these circumstances, we reverse the trial court's judgments, and we remand this matter for the trial court to consider any alleged violations by Allen in light of the narrowed conditions discussed in *Allen I*. Allen's first assignment of error is sustained.

**{¶ 18}** Given our disposition of Allen's first assignment of error, we need not address Allen's second assignment of error related to the sufficiency of the evidence, his fourth assignment of error alleging the trial court erred by denying his right to allocution or relying on new information introduced after allocution, or his fifth assignment of error relating to ineffective assistance of counsel   As to his third assignment of error, we note that Allen argues that the trial court should have considered a tape recording of his interaction with his probation officer in determining the credibility of that officer. While Allen retains the right to cross-examine any witness, it will be for the trial court, on remand, to determine whether the recording is offered for a proper impeachment purpose. We need not address the assignment of error now given the disposition of the first assignment of error.

### III.    Conclusion

**{¶ 19}** For the reasons set forth above, we reverse the judgments of the trial court and remand these cases for consideration of any alleged community control violations by Allen in light of the narrowed community control conditions set forth in *Allen I.*

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.