[Cite as *State v. Allen*, 2025-Ohio-2789.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2024-CA-73 |
| Appellee | : | |
| | : | Trial Court Case Nos. 22-CR-0508; 22-CR-0547(A); 22-CR-0680 |
| v. | : | |
| | : | |
| RYAN ALLEN | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 8, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,


_____
RONALD C. LEWIS, JUDGE


Tucker, J., and Huffman, J., concur.

**OPINION**
CLARK C.A. No. 2024-CA-73

RYAN ALLEN, Appellant, Pro Se
ROBERT C. LOGSDON, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-Appellant Ryan Allen appeals from a judgment of the Clark County Common Pleas Court, which denied his petition for postconviction relief. For the following reasons, the judgment of the trial court will be affirmed.

## I. Facts and Procedural History

{¶ 2} In the summer of 2022, Allen was indicted in Clark C.P. Nos. 22-CR-508 and 22-CR-680. Each indictment charged Allen with one count of violating a protection order, a felony of the fifth degree. The two cases were consolidated for trial because the alleged violations involved the same protection order and protected party.

{¶ 3} In July 2022, Allen was also indicted on one count of violating a protection order, a felony of the fifth degree, in Clark C.P. No. 22-CR-547(A), which involved an unrelated protection order and a different protected party.

{¶ 4} Case Nos. 22-CR-508 and 22-CR-680 were tried to a jury on January 18, 2023. Evidence was presented that Allen and his ex-wife had entered into an agreed protection order on October 1, 2021. Under the terms of the protection order, Allen was not to have any contact with his ex-wife or her employer, the Clark County Sheriff's Office. Allen was also not permitted to encourage a third party to have contact with his ex-wife or her employer.

{¶ 5} The State presented evidence of two emails Allen subsequently sent to the Clark County Sheriff's Office that it alleged were in violation of the protection order. The

first email was sent to Chief Deputy Gary Cox on May 23, 2022. The email included a screenshot of what Allen claimed were text messages between his girlfriend and her own teenage son. The text messages purportedly involved an argument that had occurred at school involving Allen's girlfriend's son and Allen's ex-wife's son. Deputy Reynolds was assigned to speak to the ex-wife about the May 23, 2022 email, which he did. No further investigation occurred related to the email.

{¶ 6} The second email was sent by Allen to Clark County Sheriff's Office employee Ben Hunt on August 15, 2022. Hunt contacted Sergeant Jones, who investigated the email as a violation of the protection order. Sergeant Jones also obtained evidence that Allen had previously been convicted of violating a protection order.

{¶ 7} Following the State's presentation of evidence, Allen testified in his own defense, along with Detective Melchi and retired Chief Deputy Jeffrey Meyer. Allen argued at trial that he had made lawful complaints about an employee of the Sheriff's Department and had been invited by employees of the Sheriff's Department to continue contact with them despite knowledge of the protection order.

{¶ 8} Allen was found guilty as charged. For additional details, *see State v. Allen*, 2023-Ohio-3655 (2d Dist.). The trial court sentenced Allen to community control sanctions in each case, with certain special conditions, for a term of five years. Allen timely appealed.

{¶ 9} After he was found guilty in Case Nos. 22-CR-508 and 22-CR-680, Allen entered a no contest plea in Case No. 22-CR-547(A) and was found guilty. He was sentenced to five years of community control sanctions in that case, which included the same sanctions imposed in Allen's other two cases. Allen did not appeal from his conviction in Case No. 22-CR-547(A).

{¶ 10} On appeal from Case Nos. 22-CR-508 and 22-CR-680, Allen raised four

assignments of error, which challenged the joinder of his indictments for trial, argued that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence, claimed the trial court had erred in imposing certain special conditions of community control, and contended his counsel had been ineffective. We concluded that the trial court did not err in joining Allen's two indictments for trial and that he did not receive ineffective assistance of counsel. *Allen* at ¶ 60. We further concluded that his convictions were supported by sufficient evidence and were not against the manifest weight of the evidence. However, we determined that the trial court's imposition of certain special conditions of community control was overbroad and reversed the court's judgment with respect to the special conditions. *Id*.

{¶ 11} While Allen's direct appeal of Case Nos. 22-CR-508 and 22-CR-680 was pending, the trial court held proceedings on alleged probation violations in all three of Allen's criminal cases. The trial court found that Allen had violated his community control sanctions and sentenced Allen to serve a term of 12 months in prison in each of the three cases, to be served consecutively. Allen appealed. We filed our judgment in that appeal in July 2024. *State v. Allen*, 2024-Ohio-2549 (2d Dist.).

{¶ 12} On January 16, 2024, Allen filed petitions for postconviction relief in all three of his criminal cases. Allen raised multiple claims in his petition, organized by relevance to each of his cases. Regarding his convictions in Case Nos. 22-CR-508 and 22-CR-680, Allen alleged the following constitutional violations: 1) confrontation clause; 2) prosecutorial misconduct; 3) due process; 4) right to a fair trial; 5) ineffective assistance of counsel; 6) denial of right to allocution; and 7) judicial bias. Regarding his conviction in Case No. 22-CR-547A, Allen alleged the following constitutional violations: 1) prosecutorial misconduct; 2) denial of right to allocution; and 3) ineffective assistance of counsel. As to the community

control violation proceedings in all of the cases, Allen alleged the following constitutional violations: 1) judicial bias; 2) ineffective assistance of counsel; 3) due process; 4) and prosecutorial misconduct. Allen did not submit any affidavits or other evidence in support of his petition.

{¶ 13} The trial court denied Allen's petitions, primarily on the grounds of res judicata. For Allen's claims alleging judicial bias in Case Nos. 22-CR-508 and 22-CR-680, the trial court found those claims lacked merit. Allen timely appealed.

{¶ 14} Allen raises the following six assignments of error on appeal:

The trial court abused its discretion denying Appellant's post-conviction relief petition by res judicata without holding an evidentiary hearing, despite substantial claims of prosecutorial misconduct and their exclusion of exculpatory evidence.

The prosecutor engaged in misconduct by failing to correct the record and allowing false testimony to remain, in violation of the principles set forth in *Napue v. Illinois*, 360 U.S. 264 (1959).

The trial court erred by allowing the exclusion of relevant discovery that would have substantiated Appellant's defense of entrapment as well as impeaching the credibility of the prosecution's witnesses at trial.

The prosecutor failed their duty to disclose exculpatory evidence, including but not limited to evidence of law enforcement dishonesty, under *Brady v. Maryland*, 373 U.S. 83 (1963).

The trial court failed to acknowledge Appellant's constitutional right to report public misbehavior and crime, which is protected under the First Amendment of the U.S. Constitution.

The trial court erred when it allowed the State to criminalize statements unfettered without proving or disproving the truthfulness of the statements.

{¶ 15} Allen's first "catch-all" assignment of error contends that the trial court abused its discretion in denying his petitions without holding an evidentiary hearing. The other five assignments of error discuss specific issues Allen raised in his petition. We will address all of the assignments of error together, as they directly relate to whether the trial court abused its discretion in denying Allen's petition without a hearing.

## II.    Applicable Law

{¶ 16} We review a trial court's ruling on a petition for postconviction relief for an abuse of discretion. *State v. Gondor*, 2006-Ohio-6679, ¶ 58. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 2013-Ohio-966, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 17} "Pursuant to R.C. 2953.21(A)(1)(a), a convicted defendant who asserts a denial or infringement of constitutional rights sufficient to render his conviction void or voidable may file a petition asking the court that imposed sentence to vacate the judgment or sentence or to grant other relief." *State v. Hatton*, 2022-Ohio-3991, ¶ 37. "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A petition for postconviction relief " 'is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction.' " *State v. Clark*, 2017-Ohio-120, ¶ 14 (2d Dist.), quoting *State v. Monroe*, 2015-Ohio-844, ¶ 37 (10th Dist.).

{¶ 18} A petition for postconviction relief shall state all grounds for relief claimed, and any ground for relief that is not stated in the petition is deemed waived. R.C. 2953.21(A)(4). The petitioner may file a supporting affidavit and other documentary evidence in support of the claim(s) for relief. R.C. 2953.21(A)(1)(b). To prevail on a petition for postconviction relief, the petitioner must establish that a denial or infringement of the petitioner's constitutional rights renders the judgment of conviction void or voidable under the Ohio Constitution or the Constitution of the United States. R.C. 2953.21(A)(1)(a)(i).

{¶ 19} A petitioner is not automatically entitled to a hearing on a petition for postconviction relief. *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), citing *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). "Indeed, the trial court has a statutorily imposed duty to ensure that the petitioner adduces sufficient evidence to warrant a hearing." *Id*. "Before a trial court may grant a hearing on a petition, it must evaluate the petition in the context of the entire record in the case to determine whether the petition alleges 'substantive grounds for relief.' " *State v. Blanton*, 2022-Ohio-3985, ¶ 24, quoting R.C. 2953.21(D). "In making that determination, the court must consider, in addition to the petition, the supporting affidavits, the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." *State v. Marcum*, 2023-Ohio-4058, ¶ 26 (2d Dist.), citing R.C. 2953.21(D).

{¶ 20} "A petition presents substantive grounds for relief when it contains allegations that are sufficient to state a constitutional claim and the files and records of the case do not affirmatively disprove the claim." *Blanton* at ¶ 24, citing *State v. Milanovich*, 42 Ohio St.2d 46, 50 (1975), and R.C. 2953.21(F). "Broad conclusory allegations are insufficient, as a

matter of law, to require a hearing." *State v. Gapen*, 2005-Ohio-441, ¶ 21 (2d Dist.), citing *State v. Moreland*, 2000 WL 5933 (2d Dist. Jan. 7, 2000).

{¶ 21} "The post-conviction relief statute imposes on a petitioner 'the initial burden to submit evidentiary documents containing operative facts sufficient to demonstrate substantive grounds for relief that merit a hearing.' " *State v. Lenoir*, 2009-Ohio-1275, ¶ 11 (2d Dist.), quoting *Gapen* at ¶ 21. "A petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than Defendant's own self-serving affidavit or statements in his petition, which are legally insufficient to rebut the record on review." *State v. Snyder*, 2004-Ohio-4265, ¶ 10 (2d Dist.), citing *State v. Kapper*, 5 Ohio St.3d 36, 38 (1983), and *State v. Vanderpool*, 1999 WL 64238 (2d Dist. Feb. 12, 1999).

{¶ 22} "Res judicata is applicable in all postconviction relief proceedings." *State v. Szefcyk,* 77 Ohio St.3d 93, 95 (1996). "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). Res judicata precludes postconviction due process claims that could have been developed during the trial proceedings if the basis of the due process claim was known to the defendant at the time of trial. *Blanton*, 2022-Ohio-3985 at ¶ 93-94.

### III.    Allen's Claims

{¶ 23} Allen argues that the trial court, at a minimum, should have granted a hearing on his petition for postconviction relief because he presented sufficient facts that, on its face,

his petition raised claims that his convictions were void or voidable on constitutional grounds. We do not agree.

{¶ 24} Allen complains of issues that were addressed at trial and were based on evidence known to him at trial. He also did not submit an affidavit or any other documentary evidence to substantiate his claims. Without more, Allen's claims fail on res judicata grounds. To the extent res judicata does not apply to Allen's claims, the petition and the records of the cases affirmatively demonstrate that Allen was not entitled to relief. In those instances, we affirm the trial court's denial on other grounds. *See State ex rel. Neguse v. McIntosh*, 2020-Ohio-3533, ¶ 10 (a correct judgment will not be reversed merely because erroneous reasons were given for it).

### a. Prosecutorial Misconduct and *Brady v. Maryland*

{¶ 25} In his second assignment of error, Allen contends that the prosecutor failed to correct false testimony and permitted perjury by having Allen's ex-wife testify without disclosing that she had been found to be dishonest in an internal affairs investigation by the Clark County Sheriff's Office. Allen's fourth assignment of error alleges that the State's failure to disclose his ex-wife's alleged dishonesty during the internal affairs investigation to the jury violated *Brady v. Maryland*, 373 U.S. 83 (1963). We disagree on both accounts.

{¶ 26} Allen's exhibit list, filed three months prior to trial, listed his ex-wife's pre-disciplinary records and employment disciplinary records as potential exhibits. The State filed a motion in limine before trial asking the court to exclude evidence of Allen's complaints about his ex-wife to internal affairs and anything related to the internal affairs investigations. According to the State's motion, on one occasion, the ex-wife was reprimanded for failing to recall when she was out sick due to COVID, but none of the allegations of misconduct were substantiated. The trial court granted the State's motion. While testimony that Allen's ex-

wife was involved in internal affairs investigations was admitted at trial, defense counsel did not attempt to introduce any evidence that she was reprimanded for what Allen characterizes as "dishonesty."

{¶ 27} In *State v. Iacona*, 93 Ohio St.3d 83 (2001), the Supreme Court of Ohio applied the following standard for allegations of prosecutorial misconduct based on using false testimony:

> "The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Lochmondy* (C.A.6, 1989), 890 F.2d 817, 822, citing [*United States v.*] *Bagley*, [473 U.S. 667, 678 (1985)]. Such a claim is in the nature of an allegation of prosecutorial misconduct, and the burden is on the defendant to show that "(1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false." *Id.*, citing *United States v. Dell* (C.A.6, 1986), 805 F.2d 637, 641.

*Iacona* at 97.

{¶ 28} Allen did not point to any statement made by his ex-wife that was false in support of his claim of prosecutorial misconduct, and he did not adduce any material from outside of the trial court record to support his claim. These failures require us to affirm the trial court's rejection of Allen's postconviction claim. Allen's second assignment of error is overruled.

{¶ 29} Additionally, any evidence of his ex-wife's reprimand would not constitute *Brady* material. "To establish a *Brady* violation, a defendant must demonstrate (1) that the evidence is favorable to the defendant, because it is either exculpatory or impeaching, (2)

that the evidence was willfully or inadvertently suppressed by the state, and (3) that the defendant was prejudiced as a result." *State v. Brown*, 2024-Ohio-749, ¶ 30, citing *Strickler v. Greene*, 527 U.S. 263, 281-282 (1999). *Brady* generally applies to "the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103 (1976). Here, it is clear from the record that both parties had the documents relevant to Allen's complaint prior to trial. The fact that the trial court preliminarily ruled that Allen could not use the evidence at trial did not constitute a *Brady* violation. Allen did not put forth any evidence from outside the record to support a *Brady* violation, and the record belies this claim. Accordingly, his fourth assignment of error is overruled.

### b. Exclusion of Evidence

{¶ 30} In Allen's third assignment of error, he argues that the trial court erred by excluding evidence relevant to his entrapment defense. Allen claims he was denied the opportunity to introduce evidence that "the law enforcement agency he was communicating with" was not only aware of the protection order but had initiated contact with him "and later further encouraged contact by requesting information regarding internal affairs investigations." Appellant's Brief, p. 11-12.

{¶ 31} It is unclear whether the evidence to which Allen refers is an internal document between Detective Melchi and Sergeant Leeman (*see* Tr. 298, 314-315) or the October 5, 2021 email between Retired Chief Deputy Meyer and Allen (*see* Tr. 334). Neither document was offered at trial, though Detective Melchi's recollection was refreshed using the internal document. Nevertheless, the jury was made aware of the information through the testimony of Detective Melchi, Retired Chief Deputy Meyer, and Allen, and therefore it was aware of all the evidence Allen contends was excluded. Allen did not submit a copy of

either the internal document or the October 5, 2021 email, or any other evidence, with his petition to support this claim. Because Allen has failed to submit any evidence dehors the record to support this claim and the record belies his contentions, he was not entitled to a hearing on this issue. Allen's third assignment of error is overruled.

### c. Constitutionality

{¶ 32} Allen's fifth and sixth assignments of error reason that his conduct was constitutionally protected under the First Amendment and should not have been criminalized because his emails were truthful. Allen made similar arguments in his direct appeal. We rejected Allen's arguments and stated as follows:

> Under his second assignment of error, Allen challenges the constitutionality of the protection order insofar as it completely prohibited him from contacting the Clark County sheriff's office. He contends the order was an unlawful prior restraint on his First Amendment right to free speech. Although Allen argued [in the trial court] that he had contacted the sheriff's office for legitimate reasons and, therefore, did not violate the order, he acknowledges on appeal that the constitutionality of the protection order's restrictions was not raised or adjudicated at trial.

*Allen*, 2023-Ohio-3655, at ¶ 24 (2d Dist.).

{¶ 33} We further explained:

> [T]he protection order was entered in [Allen's] divorce case as part of a consent agreement. *See* State's Trial Exhibit 1. Allen signed the order and explicitly agreed to the no-contact restrictions about which he now complains. If he believed the terms of the protection order were overbroad or otherwise unconstitutional, he should not have agreed to them.

A second problem with Allen's argument is that it makes an improper collateral attack on the validity of the protection order. "The general rule is that unless an order is void for lack of subject-matter or personal jurisdiction, it must be obeyed until it is set aside by proper proceedings. . . . Unless a judgment was issued without jurisdiction or was procured by fraud, it is considered valid, and even though it may be flawed in its resolution of the merits, its integrity is generally not subject to collateral attack in a separate judicial proceeding." (Citations omitted.) *Cincinnati Bar Assn. v. Hauck*, 148 Ohio St.3d 203, 2016-Ohio-7826, 69 N.E.3d 719, ¶ 28.

. . .

Here Allen does not argue that the protection order was void for lack of subject-matter or personal jurisdiction. Instead, he seeks to challenge the order's constitutionality in a criminal case involving his prosecution for violating it. Based on the foregoing authority, we conclude that Allen's argument constitutes an impermissible collateral attack on the order. If Allen believed the order was unconstitutional, he should have challenged it in the divorce case.

*Id.* at ¶ 27-28, 30.

**{¶ 34}** Allen also asserted on direct appeal that no one from the sheriff's office considered his emails to be a violation of the protection order, that his communications with the sheriff's office were welcomed, and that no one from the sheriff's office told him the communications were unpermitted. We likewise rejected these arguments, because even if his assertions were true, they were irrelevant to the criminal charges against him. *Id.* at ¶ 35-36. Because Allen raised these issues on direct appeal and has not introduced any

evidence outside the record to support his claims, the trial court did not abuse its discretion in rejecting these claims on res judicata grounds.

### d.  Hearing

{¶ 35} Allen's first assignment of error alleges that the trial court abused its discretion in failing to hold a hearing on his petition "despite substantial claims of prosecutorial misconduct and their exclusion of exculpatory evidence."  We addressed and rejected these claims in our discussion of the second and fourth assignments of error.  Therefore, the trial court did not abuse its discretion in denying Allen's petition without first holding a hearing, and his first assignment of error is overruled.

## IV.    Conclusion

{¶ 36} Having overruled Allen's assignments of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.